This is an appeal from a judgment in favor of the defendant dismissing plaintiff's suit wherein he seeks to recover from the defendant the sum of $49,859.70 for expenses, losses and damage allegedly occasioned as a result of injuries sustained by him in an accident caused by an alleged defect in premises which plaintiff had leased from the defendant. He alleges that he leased from defendant the Sunnyside Plantation, with all its buildings and improvements; that on several occasions he directed defendant's attention to the fact that an outside stair leading from his front room was missing and that defendant promised to install this stair; that it was defendant's legal duty to place and maintain the property in a safe condition, but that while some repairs were made, this particular stair was never installed, and that, upon being awakened by a wind and rain storm, he began hurriedly to close doors and windows, and while so engaged, he momentarily forgot the missing stair when reaching for the door, fell through the doorway and severely injured himself; and that defendant's failure to properly maintain the premises was the sole and proximate cause of plaintiff's injuries.
The defendant admitted leasing the premises to the plaintiff, but denied all the other allegations of plaintiff's petition, and specifically denied that the opening, the stairway to which was missing and through which plaintiff is alleged to have fallen, led to the front room of the house or to any portion used by plaintiff for living purposes. The defendant further averred that the opening through which plaintiff allegedly fell was in the rear of a small anteroom, on the north side of the house, that the anteroom was used for storage purposes, and that this opening was not a place of ingress, or egress, and was not so contemplated by either the plaintiff or the defendant; that if plaintiff was injured by falling out of said opening, it was not due to any fault of defendant; that plaintiff was guilty of contributory negligence in failing to close the door after he had used it for the purpose of loading and unloading materials stored in the anteroom, as well as failing to remember the absence of steps at the said opening.
Plaintiff's case is based on the provisions of Civil Code Articles 2322 and 2695.
Article 2322 is as follows: "The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
Article 2695 provides: "The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vice and defects, the lessor shall be bound to indemnify him for the same."
The premises on which plaintiff alleges existed a vice or defect is correctly described by the trial judge in his well-written opinion as a large dwelling facing west and consisting of: a front porch running the entire width of the house, a center hall with two bedrooms on each side, a small room attached as a wing to the north front bedroom, a living room at the east end of the hall, a bath room south of the living room and a dining room north of it, a kitchen east of the dining room, a vacant room (probably intended for use as a store room or pantry) east of the kitchen, and a back porch that begins on the south side of the house and runs northerly the width of the bath room and living room as far as the south wall of the kitchen and thence runs easterly along the south side of the kitchen and pantry to the eastermost end of the latter room. Ingress and egress are provided by four outside stairs, one on each of the four sides of the house, as follows: the west steps at the front porch opposite the center hall, the east steps at the back porch opposite the living room, the north steps at a small platform or porch opposite the dining room exit, and the south steps at the extreme south end of the back porch. The only outside door which opens upon neither a porch nor a stair is one in the small room attached as a wing to the north front bedroom, as aforementioned, and described in the pleadings and testimony as an anteroom.
The vice or defect upon which plaintiff relies is the missing stair to the door on the north side of the small anteroom, and as found by the trial judge, the evidence discloses that the north front bedroom was used only as a storeroom for feed and incubators, and that this anteroom was used for storing fishing tackle, arms, ammunition and different bric-a-brac. The preponderance *Page 213 
of the evidence is to the effect that this door in the anteroom was never used as a means of ingress or egress, either by plaintiff or preceding lessees, and that for the purpose of storage, feed and other materials were invariably handled by way of the front porch. The lessee of the property and occupant of the dwelling just preceding plaintiff testified that there were no steps leading to this door, and that the door was not only closed, but also nailed. Another prior lessee, who stated that he was practically raised on that place, testified that he never saw any steps to the anteroom door and that he never saw the door opened.
The evidence further shows that the anteroom was constructed by a former owner of the plantation as a convenience to him as an office, and that he paid his employees through the window and not through the door, and that the door opening was not constructed as an exit, nor was it intended as such by him, or by any subsequent occupant of the building.
With reference to plaintiff's allegation that he had called defendant's attention to the lack of a stair leading to this opening in the anteroom and that defendant had agreed to have a stair installed, like the trial court, we fail to find any proof of that allegation. It is true he notified the defendant that certain repairs were needed, and it is also true that repairs were made at various times, but there is no evidence that the building of this particular stairway was ever contemplated by either plaintiff or defendant, and the preponderance of the evidence is to the effect that no stairway was ever intended for this opening.
[1] From these facts we must agree with the lower court that no vice or defect within the terms of the provisions of the codal articles has been proved, as there is neither proof of want of repair or of faulty construction.
[2] Plaintiff contends that in pleading contributory negligence, the defendant has admitted negligence on its part. We agree with the opinion of the trial judge that this plea of contributory negligence must be considered an alternative plea, and that it is not necessary to state such a plea is in the alternative if, as in this case, the pleader has used such language as to clearly denote that he is pleading in the alternative.
From the above considerations, we fail to find that plaintiff has proved any defect or vice in the premises as contended by him, and we further conclude that defendant was guilty of no negligence whatsoever. We therefore affirm the judgment appealed from.