Plaintiff sued to recover the amount expended to repair the damages done to its truck and trailer when run into from the rear by defendant's truck on U.S. Highway No. 71, near the City of Alexandria, Louisiana, known as the "McArthur Drive." The accident occurred at about the hour of one o'clock A. M., April 9, 1948. Both vehicles were traveling northerly. The highway at the locus of the collision consists of four concrete lanes, two on either *Page 803 
side of a neutral ground that is fifty feet (50') wide.
Plaintiff alleged that its motor vehicle was at the time of and immediately prior to the collision, moving at a reasonable and prudent rate of speed and on its proper side of the highway; that while so proceeding it was violently run into from the rear by defendant's truck. The following acts of negligence are charged to defendant's driver, and are asserted to have caused the collision, to-wit:
That its driver was not keeping a proper lookout; was driving at a rate of speed so fast that he could not stop his vehicle within the distance illumined by its headlights; that the speed of the vehicle was excessive, being fifty miles per hour, and was being operated with inadequate lighting equipment.
Defendant denies that the accident was the result of any negligence on the part of its driver and especially pleads that the sole and proximate cause thereof was the negligence of plaintiff's driver in the following respects:
That he parked his truck and trailer on his right-hand side of the highway, whereas he should have parked the same entirely off of the highway and on the spacious shoulder, and in thus acting, he violated Rule 15 of Section 3 of the Highway Regulatory Act, being No. 286 of 1938; that he did not set out flares to warn motorists of the presence of the vehicle as required by Section 2 of Act No. 215 of 1942.
In the alternative, defendant, employing the alleged acts of negligence of plaintiff's driver, as a basis, pleads contributory negligence on said driver's part in bar of recovery herein.
Plaintiff was awarded judgment and defendant appealed.
The record of this case is unusually short for one of its character. Only two persons were present when the accident occurred, these being the two drivers. Their testimony and that of a highway trooper, who arrived on the scene shortly after the accident, is all we have as regards the accident, how and why it occurred.
A few minutes prior to the collision plaintiff's operator did drive his truck and trailer partly onto the shoulder of the road on his right side and stopped same for a brief time, but the testimony leaves no doubt that both vehicles were entirely on the concrete part of the road and were moving at a slow rate of speed at the time of the collision. The trooper found the vehicles on the concrete when he arrived and, in addition to this, defendant's own driver candidly admitted that they were in this position when the collision occurred.
It is true, as charged, that plaintiff's driver did not place flares fore and aft of his truck and trailer while at stop, as before mentioned, but since he had regained entirely his side of the concrete portion of the highway, and was traveling thereon when the collision occurred, obviously the failure to put out flares is of no importance.
Defendant's driver testified that he did not see the trailer ahead of him until he was within twenty feet of it and further says that this was due to the bright lights of a motor vehicle going southerly on the opposite side of the highway. This admission, under the well established jurisprudence of this state, convicts him of being grossly negligent and it follows that this negligence was the sole cause of the accident. He did testify that there were no lights at all on plaintiff's truck trailer. Unquestionably, he is in error in this respect. Plaintiff testified that all lights on his vehicle were burning when he stopped, including a large red one on the back of the truck. The trooper testified that when he arrived this large red light was still burning, but that all the other lights, on account of the impact, were not functioning.
Defendant's driver says he was going at a speed of forty miles per hour when he became blinded by the car lights. His duty, under these circumstances, was quite obvious. He was without the right to assume that clearance ahead was certain. He should have reduced his speed and maintained such control of his truck, while this condition existed, as to enable him to stop the same at once in case conditions suddenly arose to make this action necessary. *Page 804 
Plaintiff's trailer was loaded with a road grader of yellow color, twenty-two feet (22') long, seven feet ten inches (7' 10") wide and seven feet (7') high. This should have been a very conspicuous object to a motorist approaching from the south. It is almost inconceivable that its presence could have been overlooked by defendant's driver had he been as vigilant as the law requires in such circumstances.
Plaintiff's driver was free of negligence in connection with the accident.
The facts of this case clearly distinguish it from Gaiennie v. Cooperative Produce Company, Inc. et al, 196 La. 417,199 So. 377, and other cases, prior and since, that constitute exceptions to the general rule that the responsibility for a highway accident between two motor vehicles, at night, lies upon the motorist who operates his vehicle at a speed so great that it cannot be stopped within the distance illumined by its headlights. The facts of the present case do not make of it an exception to that rule, but, on the contrary, bring it perfectly within the realm thereof.
The correctness of the amount of the judgment does not appear to be challenged by appellant. The proof sustains it.
For the reasons above given, the judgment from which appealed is affirmed at appellant's cost.