McBride, judge.
On the afternoon of May 22, 1949, plaintiff was riding as a passenger in the 1941 Dodge sedan automobile owned and driven by John A. Jones, and she alleges that she sustained certain physical injuries when the, Jones' car collided with a 1947 Plymouth automobile owned by Walter Wiltz, Jr., but which was being driven at the time by Dr. Royall T. Liles. The Jones automobile was traveling on Laurel Street, a one-way thoroughfare, in a downtown direction. The Wiltz automobile was being driven toward the Mississippi River on Peniston Street.
The plaintiff filed this suit against Wiltz and Dr. Liles seeking to recover from them, in solido, for her personal injuries the sum of $4,693.28. Her petition alleges that the accident was caused as a result of the negligence of Dr. Liles in. that he was “speeding” at about 35 miles an hour and failed to accord the Jones automobile the right of way which it had under the provisions of the city traffic ordinance. The defense is that there was no negligence on the part of Dr. Liles.
Prior to the trial of the case, Walter Wiltz, Jr., was eliminated as a defendant on the motion of plaintiff and the case proceeded to trial as against Dr. Royall T. Liles, whom we shall refer to hereafter as the defendant. A judgment was entered dismissing plaintiff’s suit and she has taken an appeal.
Riding in the Jones automobile with its driver were the plaintiff and another woman and the testimony of the three is that defendant’s automobile came out of Peniston Street and ran into the left front portion of *374 their car. Although neither Jones nor his passengers ever saw defendant’s car until the very moment of the collision, they say it was traveling at a speed of 35 miles per hour. It is interesting to note that while the plaintiff and her two witnesses emphatically claim that the other automobile was traveling at the rate of 35 miles an hour, they all differed among themselves with respect to the speed of the Jones automobile. Jones says he was not going “over 5 or 10 miles an hour,” the plaintiff states he was “going slow,” and Emaline Grenup believed Jones was traveling at about 25 miles per hour.
The defendant’s story is that he approached the intersection slowly and saw the Jones automobile coming from his right but he thought it was far enough away to permit his safely crossing the intersection. He claims that he was almost at a stop 'and then shifted into- low gear and proceeded to cross Laurel Street at about 10 to 15 miles an hour and when he had almost completely crossed, the Jones automobile “swung in” behind his car and struck it on the rear fender turning it completely around.
If what defendant says is true, that he attempted to negotiate the intersection at from 10 to 15 miles an hour when he saw that the Jones automobile was sufficiently far enough down Laurel Street to permit a safe passage, it is certain that defendant, who was going at the slower rate of speed, entered the intersection first. His testimony shows that he was nearly across when the collision occurred. While Dr. Liles could not say how fast the Jones automobile was being driven, we are inclined to believe that it was traveling at a fairly rapid rate of speed. We cannot believe that Jones was traveling at “not more than 5 or 10 miles an hour” or that he was “going slow,” but rather we think that Emaline Grenup’s estimate of the speed, about 25 miles, an hour, is more in keeping with the obvious facts. Such speed is in excess of the maximum permissive speed on Laurel Street.
This case involves the credibility and veracity of the witnesses and the trial judge who saw and heard them testify resolved the factual question in defendant’s favor, and according to our appreciation of the testimony there is no manifest error in that finding.
We are satisfied that the defendant’s automobile entered the intersection far enough in advance of the automobile in which plaintiff was riding to vouchsafe to it the lawful right of way to cross the intersection, and that Jones, who admits he was not keeping a proper lookout and did not see the defendant’s car at any time before the crash, failed to respect the right of way which defendant’s automobile had acquired by virtue of having pre-empted the intersection. There js no negligence, that we can see, on defendant’s part.
What the Supreme Court said in Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, 870, is appropriate here:
“ * * * The plaintiff having preempted the intersection had the right to proceed and under the well-settled jurisprudence the automobile which first enters an intersection has the right of way over an approaching automobile and the driver who does not respect this legal right of the automobile which first entered the intersection to proceed through in safety, is negligent, even though the car thereafter entering the intersection is being driven on a right of way street. Gauthier v. Foglcman, La.App., 50 So.2d 321 and the authorities cited therein. * * * ”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.