REGAN, Judge.
The plaintiffs, Robert C. Dobson, the .owner and operatorof a-Buick automobile, • and Mrs. Mattie Patterson' Dobson, his wife, a guest passenger, instituted this suit against the defendants, Mrs. Emile Kahn, the- owner of a Ford automobile,' Howard Gruenberg, the operator thereof, ahd State Farm Mutual Automobile Insurance Company, the liability insurer, endeavoring to recover the respective sums of $3,712.67 and $22,000, representing personal injuries, property damage, medical expenses, et cet-era, incurred as a result of an accident which occurred on April 15, 1953, at about 12:15 A.M., in the intersection of Louisiana Avenue and Prytania Street, in the-City of New Orleans,, Louisiana.
The defendants answered and denied liability resulting from the accident and, in the alternative, pleaded the contributory negligence of both plaintiffs.
From a judgment in favor of the defendants dismissing plaintiffs’■ suit and taxing an expert’s fee of $50 as costs, they have prosecuted this appeal.
The principal question posed ' for our consideration is one of fact and that is, whether the defendant, Gruenberg, was guilty of any negligence - which could, be considered the proximate cause of the accident? The trial judge answered this question in the negative and our examination of the record together with his written reasons for judgment, which are quoted in part hereinafter) disclose no error- in his factual or legal, conclusions. t
“This suit is the result of an automobile accident which- occurred on April 15, 1953; at or about 12:15 or 12:-30 a. m., at the corner, .of Prytania Street and Louisiana.,Avenue in this city. . .
“The plaintiff :was‘ ‘proceeding on Louisiana Avenue- from-'the river toward the lake, and- the defendant was proceeding up - Prytania -Street in the direction of Audubon Park.
“The defendant testified that when, he came to the intersection'there was a Fashing red light; that he stopped for the light; that-he looked :to'his left;: that- he saw the automobile of the plain *376 tiff three-quarters of a block away; that he believed he had sufficient time to negotiate the intersection; and that he put his car in first gear and proceeded to cross; that he was virtually through the intersection, that is, that the front of his automobile was abreast of the neutral ground, the small neutral ground on the street, when the rear of his automobile was hit by that of the plaintiff, with such violence that it was swung around and into the traffic semaphore which was knocked down by the impact.
“The plaintiff, a merchant seaman in company with his wife, testified that he was coming out Louisiana Avenue at 20 to 25 miles per hour; that as he approached the intersection of Prytania Street he had a flashing yellow light; that he was driving on the left hand side of Louisiana Avenue; and when questioned by the court stated not up against the neutral ground but more or less straddling the left hand lane and the lane next. (He finally asserted ‘I wasn’t 4 or 5 inches from the.curb.’)
“He testified he never did see the automobile of" the defendant until it loomed up in front of him; he states the car shot out Prytania Street at a rapid rate of speed; and attributes this to the fact that he says there was a blind intersection in that there were hedges on the corner of Prytania Street and Louisiana Avenue which obstructed his view.
“His wife took the stand and testified that she did not really know how the accident happened; that all she knew there was an accident and she was injured, and she described her injuries, but in truth and reality she knows little of how it happened and never saw the automobile prior to the collision.
“She alleges and testified that because of this accident she had a scar on her leg, which is not necessarily a scar which is disfiguring to any extent; and she has had a low back pain since the accident; and produced, besides the medical reports of several doctors, Doctor H. Tharp Posey, a psychiatrist, who has recently been practising in New Orleans, and who testified she had a psychosomatic condition attributable to a law threshold to psychiatric disorder, which was triggered by this occasion; and he attributes her difficulties in early childhood, an unhappy first marriage, and in childbirth, as contributing factors to place her in such a position that the accident would cause her to have the psychosomatic condition which he says she now suffers.
“In the court’s opinion the plaintiff has greatly exaggerated whatever injuries she may have suffered in this accident.
“In so far as the question of negligence is concerned, the defendant in this case complied with the law and stopped; he did misjudge the speed of the automobile that hit him in the rear. Undoubtedly the plaintiff husband in this case was not paying strict attention to what he was doing, because he did not see what he should have seen, and, in the court’s opinion, prior to the impact he would have seen this automobile at that intersection,
sj«
“The court believes the defendant "in this case that he came to the light and did stop and did shift the gear and did see the automobile; and the court believes it was the duty of the plaintiff under the circumstances to have observed it and stopped.”
In the case of Bennett v. Liles, La.App., 87 So.2d 373, we observed, which rationale is appropriate here, that “ * * * the defendant’s automobile entered the intersection far enough in advance of the automobile in which plaintiff was riding to vouchsafe to it the lawful right of way to cross the intersection, and that Jones, [the operator of the car in which plaintiff was a passenger] who admits he was not keeping a proper lookout and did not see the defendant’s car at any time before the crash, failed to respect the right of way which defend *377 ant’s automobile had acquired by virtue of having pre-empted the intersection. There is no negligence, that we can see, on defendant’s part.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.