JOHNSON, Judge.
Defendant appealed suspensively from an adverse judgment against him in favor of plaintiff for property damage resulting from an automobile collision in Jefferson Parish.
Plaintiff’s petition. alleges that on the day of the accident his truck was being driven on Meyers Boulevard, north toward the Mississippi River by Hubert J. Hebert, Sr., its employee; that upon reaching the intersection of Fourth Street the truck stopped; the driver looked both ways to determine if the way was clear to enter Fourth Street and turn to the left toward Westwego; that the driver entered the intersection, made the turn and straightened out and travelled approximately 30 feet when the truck was struck in the rear by the front end of a 1955 Packard car driven by defendant, Roland B. Guillot; that the accident was caused by the negligence of said defendant in the operation of his car at excessive speed, failing to observe that the truck had preempted the intersection and was proceeding on Fourth Street, and that the defendant failed to have his car under control.
The defendant generally denied plaintiff’s allegations and alleged that the ac *72 cident was caused by the negligence of plaintiff’s driver by failing to keep a proper look-out, making a left turn in the path of Fourth Street traffic and in failing to yield the right-of-way. In the alternative, defendant pleaded contributory negligence on the part of plaintiff’s driver for the same reasons recited above.
There is no evidence to show the width of the respective streets or their comparative importance in relation to the amount of traffic on each street. Nothing is said about the existence of any stop sign, signal light or any other traffic control device at this intersection. We therefore assume that both streets are the usual two-lane roadways with one lane for traffic in opposite directions.
This accident happened about 6 o’clock in the morning on the day before Christmas. There were no witnesses except the drivers of the two vehicles. The testimony of both drivers is very short and meager and leaves some important questions which naturally arise unanswered.
The driver of plaintiff’s truck testified that he made a delivery of merchandise to a customer at 6 o’clock that morning and that about 6:15 he drove his truck about 40 feet from that store, located on Meyers Blvd., to the intersection of Fourth Street where he stopped and looked both ways for traffic. He determined the road was clear except for plaintiff’s car coming toward the intersection of Fourth Street about three-quarters of a block to his right. He later said defendant’s car was a block away at that time. Believing that he had plenty of time to cross, he drove into the intersection, across Fourth Street, completed the turn and straightened out. When he had travelled on Fourth Street about 25 feet his truck was struck on its rear end and knocked about five feet into a fire plug located in the ditch on the right side of the road. After the truck hit the fire plug he said the car hit the truck in the rear again. He said the truck was struck by defendant’s automobile and that from the nature of the impact he concluded that the car must have been traveling at a high rate of speed. After the second lick, his truck was at rest against the fire plug with its right front wheel in the ditch and the left wheel and other portions of the truck were on the edge of the road at a slight angle.
The defendant acknowledges that he saw the truck at its stopped position on Meyers Blvd. at the intersection. He first stated that he was about five car lengths away (P-21) and when again asked about where he was when he saw the truck at the intersection he said he was a block away. When asked if it was correct that he was a block away when he saw this truck stopped at the intersection, he said: “Yes sir.” (P-26) He stated that he was traveling about forty miles per hour and when he saw the truck at the intersection he slowed down to about thirty-five miles per hour. He thought the truck would stay there but then saw it pull into the intersection and turn left in the same direction he was traveling, toward Westwego. The pavement was wet and when he applied his brakes, his car skidded into the truck, causing the truck to hit the fire plug which he said was about forty feet from the intersection of Meyers Road across Fourth Street. (A sketch made by counsel for plaintiff shows the fire plug was thirty feet from the west curb line of Meyers Blvd. projected across Fourth Street). The photographs in evidence show an indentation just two or three inches to the right of the center of the front end of the automobile which indentation was apparently made when it struck the right corner of the truck.
 This is not one of those cases in which it is necessary to indulge in split second timing in order to determine the relative positions of the vehicles and the rights and duties of each driver. If Fourth Street is a two-lane roadway, one lane for traffic in each direction, the truck when stopped on Meyers Blvd., before entering the intersection, would not have been over *73 ten feet from the lane going toward West-wego in which the defendant was traveling. Plaintiff’s track entered the intersection, according to the driver, when apparently there was time enough to cross in safety with the nearest car three-quarters of a block away, as the plaintiff’s driver first stated, or a block away according to plaintiff’s second and defendant’s last estimate. It is common knowledge that an ordinary city block is from 300 to 400 feet. If the defendant’s car was only five car lengths away as the defendant first stated, the defendant in that case would have been close to 100 feet away. Therefore the two vehicles did not approach and enter the intersection at approximately the same time. Furthermore, because of the more favorable position of the plaintiff’s truck when it entered the intersection, the defendant was not entitled to the directional right-of-way and from all of the evidence we hold that the plaintiff’s truck had preempted the intersection when it was struck by defendant’s car.
The movement of plaintiff’s truck into the intersection and entirely across Fourth Street, with its left turn accomplished, all at low speed, and all in open view of the defendant was not the cause of an emergency, and the truck should have been permitted to proceed on its way.
In the case of Bennett v. Liles, 87 So.2d 373, this court held that the evidence showed that the defendant saw the other car coming from his right at a distance which made it appear safe to enter and proceed across, and held further for defendant on the ground that he had preempted the intersection when the collision took place. That decision quotes from Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, to the effect that the plaintiff having preempted the intersection had the right to proceed across.
In the case now before us there is no doubt that plaintiff’s truck had completed the crossing well in advance of defendant’s car. While defendant contends that the truck had not entirely straightened out, the defendant admits that he was at least five car lengths to one block away when plaintiff’s truck entered the intersection. The defendant saw the truck enter, saw it proceed across and he continued at a speed of thirty-five miles an hour on wet pavement.
A case very similar to .the facts in this case is State Farm Mutual Automobile Insurance Co. v. Gouldin, La.App., 121 So.2d 365, where the car of plaintiff’s assured entered an intersection of two streets when the driver of assured’s car had observed defendant’s vehicle to his right, some distance down the block, when plaintiff’s assured had every right to believe that he could traverse the intersection safely. Defendant’s automobile struck the car of plaintiff’s assured before it actually completed the crossing but the trial court and the appellate court held that plaintiff’s driver had preempted the intersection and that defendant’s negligence caused the damage.
The courts uniformly hold that to preempt an intersection the driver of an automobile must enter it at normal speed and after the driver has exercised reasonable precautions, and after it has become evident that he can cross the intersection with safety under the assmption that the approaching driver will not disobey lawful traffic regulations. Hardware Mutual Casualty Co. v. Abadie, La.App., 51 So.2d 664; Vernaci v. Columbia Cas. Co., La.App., 71 So.2d 417; Broughton v. Touchstone, La.App., 72 So.2d 552; Webb v. Providence Washington Ins. Co., La.App., 72 So.2d 883; National Retailers Mutual Ins. Co., v. Harkness, 76 So.2d 95; Dodd v. Bass, La.App., 76 So.2d 572.
In the case of Gauthier v. Fogleman, 50 So.2d 321, at page 324, the court found from the evidence that plaintiff was entirely jttstified in attempting to cross the intersection when the automobile of defendant was about a half a city block distant at the time she entered, the intersection. See *74 the many cases cited at that page in that decision.
The judgment of the lower court is affirmed; defendant to pay all costs.
Affirmed.