W. W. THOMPSON, Judge pro tem.
In this tort action, Mr. and Mrs. Kenneth Faia sought judgment for personal injuries and property damage allegedly sustained as a result of an intersectional automobile collision. Named defendants were the driver, the owner, and the alleged insurer of the other automobile involved in the collision. Judgment in the amount of $2,579.79 was rendered against Robert Jones, the driver, and Drew F. Strain, Jr., the owner of the automobile and Jones’ employer. Plaintiffs’ suit as to Service Fire Insurance Company, named as insurer, was properly dismissed, for lack of coverage. The two defendants cast in judgment brought this appeal, and plaintiffs answered seeking an increase in the award.
Plaintiffs base their action on a collision that occurred at the intersection of Catón Street and Gentilly Boulevard in the City of New Orleans. There are no traffic controls at this intersection, but by ordinance, Gentilly Boulevard is designated as the favored street.
On the morning in question, it was raining and the streets were wet. Mrs. Jean Faia was driving the community owned automobile on her way to work and was proceeding south on Catón Street. Upon reaching the Gentilly Boulevard intersection, she stopped her automobile to permit traffic on Gentilly to clear, and after the way was clear, she looked to her left and observed no traffic approaching Catón *118 Street in the west bound lane of Gentilly. Mrs. Faia’s automobile had proceeded across two of the three west bound lanes when her vehicle was struck on the left side by Strain’s automobile.
Both Jones, the driver of the west bound automobile, and Strain, owner of that automobile and a passenger in the car, testified that their automobile was traveling in the left or neutral ground lane of Gentilly. They stated that there was a bus parked at the corner of Gentilly and Catón discharging passengers, and that the presence of the bus at that location prevented them from seeing Mrs. Faia’s automobile until that vehicle had traveled into the middle of their path. When they first noticed the automobile darting out into their lane, they were some 35 to 50 feet from the vehicle, and were unable to stop or swerve in time to avoid the collision. However, the testimony of a disinterested witness, an employee of the New Orleans Public Service Transportation Department, revealed that the records of that department showed that there had never been a regularly designated bus stop at that particular corner
Defendants do not question the fact that Mrs. Faia could have preempted the intersection by entering the intersection at a proper speed and proceeding into the intersection sufficiently in advance of approaching vehicles to permit her to clear the intersection without requiring approaching motorists to execute an emergency stop. Counsel, however, contends that Mrs. Faia did not in fact preempt the intersection and that her failure to exercise due care bars her recovery.
The sole issue presented in this appeal is whether or not Mrs. Faia’s automobile did in fact preempt the intersection so as to have gained a right superior to defendants’ approaching vehicle. Basically, this calls for a factual determination, and the issue having been resolved against defendants will not be disturbed in the absence of obvious or apparent error.
As stated above, preemption of an intersection by a motorist is the entrance by the motorist into the intersection at a proper speed and sufficiently in advance of the approaching vehicle to permit him to proceed on his way without requiring an emergency stop by the other vehicle. Heebe’s Bakery Inc. v. Guillot, La.App. 4th Cir., 136 So.2d 71; Gallioto v. Chisholm, La.App. 4th Cir., 126 So.2d 63, and cases therein, cited.
We find ample evidence in the record to support the finding of the trial court that Mrs. Faia did preempt the intersection in question. Mrs. Faia testified that she stopped her automobile before proceeding into the intersection. She also testified that there was no traffic approaching the intersection on Gentilly for at least one block to the east. The testimony of the City employee successfully refuted defendants’ statements that there was a bus parked on the corner in question and that that vehicle blocked their vision.
We are of the opinion that Mrs. Faia proceeded at proper speed into the intersection sufficiently in advance of defendants’ automobile to have permitted her to clear the intersection had Jones been driving his automobile at a proper speed and had he been maintaining a proper lookout. Having reached this conclusion, we must affirm the-judgment of the trial court on this issue.
The plaintiffs further contend that the-award is inadequate.
In view of the medical testimony that plaintiff, Mrs. Faia has suffered a 15% permanent disability to her left shoulder as a result of the accident, we believe the award of $2,000.00 made by the trial court is insufficient and that she should be awarded instead the sum of $3,000.00 with legal' interest from judicial demand.
The judgment of the trial court is accordingly amended to this extent and as amended, is affirmed, defendants to pay the costs, of both courts.
Amended and affirmed.