BARNETTE, Judge
(dissenting) :
I cannot agree with the majority opinion and the judgment of the trial court that the plaintiff Thomas W. Beatty was entirely without fault and that the sole cause of the accident was the negligence of the truck driver, Jessie Daigle. I therefore respectfully dissent.
Reference has been made in the majority opinion to the motive of Beatty and his wife in their attempt to establish his negligence. It is hard not to be influenced against Mr. Beatty because of the suspicion of bad faith indicated by his apparent motive. This is an anomalous situation where testimony against himself is to his benefit as the representative of his minor child. But we should not allow our feelings to be the cause of the innocent children, especially the Beatty child, who apparently sustained serious and perhaps permanent injury, being denied recovery of damages. Had the driver of the car been someone other than the child’s parent, who stands in the position to receive and control such sum as may be recovered for the child, it would be easier to find that person negligent.
My dissenting opinion is based not on what Mr. Beatty testified about his own negligence, but rather upon the testimony of the investigating police officer and the truck driver, supported by convincing physical facts. The testimony and physical facts clearly support a finding of fact that Mr. Beatty was guilty of negligence in that he failed to keep a proper lookout and failed to have his vehicle under proper control. He was probably driving at an excessive speed, but I would resolve this doubt to the contrary in view of Beatty’s incredible testimony on this point, except for the severity of the impact which indicated high speed.
Beatty testified that he did not see the truck until he was right on it, within 30 or 40 feet. The investigating police officer testified that he found no skid marks to indicate that Beatty applied his brakes before the impact. The impact was very severe resulting in almost total destruction of Beatty’s car. The dump truck was struck squarely in the rear, thus indicating that the truck had completed its turn into Airline Highway. The truck had made a slow turn from the opposite side of Airline Highway from a service road, across the two inbound traffic lanes, across the inner outbound traffic lane and had straightened out and was proceeding in the right-hand outbound lane when struck. Obviously the truck required some time to complete this maneuver and should have been seen by Beatty. It is presumed that persons see that which should be seen if they are keeping a proper lookout. Woods v. Employers Liab. Ass. Corp., 172 So.2d 100 (La.App. 1st Cir. 1965); Zurich Ins. Co. v. Grain *117 Dealers Mut. Ins. Co., La.App., 169 So.2d 6 (La.App.2d Cir. 1964). Had Mr. Beatty-seen the truck he would have applied his 'brakes or avoided it. His failure to see it until he was right on it was because he was not keeping a proper lookout. His negligence was a contributing cause of the accident.
The majority opinion, in discussing the -testimony of the truck driver, Daigle, makes ■a point of the fact that his view of the highway was unobstructed. Was not the view, therefore, equally unobstructed to Mr. Beatty?
Considerable significance has been attached to the estimate of distance which Daigle gave when testifying how far he traveled on the highway before being ■struck. In the first place, I doubt that the witness fully understood the questions of relative distance measured in terms of the ■distance to the back of the courtroom. In all other respects Daigle’s answers were intelligently given, responsive and clear. Of greater significance is the physical fact that he had completed his turn and was proceeding toward Baton Rouge in the outside traffic lane when struck squarely in the rear without any apparent application of brakes by Mr. Beatty.
Counsel for plaintiffs has cited the following cases: Briley v. North River Ins. Co., 161 So.2d 449 (La.App. 1st Cir. 1964); Foster v. Phoenix Ins. Co., 146 So.2d 647 (La.App. 1st Cir. 1962); Heebe’s Bakery Inc. v. Guillot, 136 So.2d 71 (La.App. 1st Cir. 1962); Dyck v. Maddry, 81 So.2d 165 (La.App.2d Cir. 1955); Tom Hicks Transfer Co. v. Fort Worth Poultry & Egg Co., 41 So.2d 802 (La.App. 2d Cir. 1949). It is my opinion that these cases are pertinent to the factual situation before us and amply support plaintiffs’ case.
I therefore respectfully dissent.
Rehearing denied.
BARNETTE, J., is of the opinion that a rehearing should be granted.