213 So.2d 98 (1968)
Lenias J. DUPRE, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendant-Appellee.
No. 7404.
Court of Appeal of Louisiana, First Circuit.
July 1, 1968.
Rehearing Denied August 12, 1968.
Elton A. Darsey, Houma, for appellant.
Philip E. Henderson of O'Neal, Waitz & Henderson, Houma, for appellees.
*99 Before LOTTINGER, ELLIS and CUTRER, JJ.
CUTRER, Judge.
This is a tort action based on a maritime accident. On October 21, 1964, the trawler "Captain Ricky", owned by the plaintiff, Lenias J. Dupre, while trawling in Terrebonne Bay, picked up in its propeller the metal cylinder of a navigation light. The action of the propeller apparently drove the cylinder through the hull of the boat above the propeller, causing the boat to sink. The plaintiff Dupre filed suit for damages against Texaco, Inc., and its insurer, The Travelers Insurance Company.
Plaintiff alleged that "the loss was caused solely through the negligence and want of care of Texaco, Inc., and its agents and employees in allowing one of its navigation lights to be lost in Terrebonne Bay or in allowing the said navigation light to be so placed that it was a hazard to navigation as it was submerged in a place where it could not be seen and avoided."
The defendants denied the allegations of plaintiff's petition and pleaded as a special defense "that any object which the petitioner's vessel struck or may have struck, if that object belonged to Texaco, Inc., was in its location and current condition because of an act of God." The defendants further pleaded the contributory negligence of the plaintiff in assuming the risks in operating his vessel in the area shortly after a hurricane and his failure to keep a proper lookout.
The trial court rendered judgment for the defendants and the plaintiff perfected this appeal.
In its reasons for judgment the trial court stated:
"There is no evidence either of commission or omission by Texaco of any act which would constitute negligence on the part of the defendant.
In all, it is the conclusion of the court that the evidence preponderates in favor of the defendants' position that the light was dislodged and carried away by the force of hurricane `Hilda'. It is now necessary to decide whether the fact exonerates defendant, Texaco, Inc., and its insurer, Travelers' Insurance Company from liability for damages. The Court concludes that it does."
With these conclusions we agree.
The defendants introduced evidence showing that on October 3 and 4, 1964, approximately 17 or 18 days prior to the accident, the Louisiana coast, including the situs of this accident, was struck by a hurricane, dubbed by meteorological officials as hurricane "Hilda".
On oral argument the defendants admitted that the navigation light in question was sold to Texaco, Inc., by Tideland Speciality Company, Inc., and was invoiced to Texaco on September 21, 1964. Mr. Edward J. Holland, an employee of Tideland, testified that his company checked the navigation lights about every 15 days and that the lights were delivered from two to three weeks prior to the invoice date. He also stated that the lights were sold with a battery box bolted to each light.
There is some dispute as to the location of the platform on which the light in question was situated. The available records of Texaco showed only the total number of lights on each platform, but did not show the location of each light by serial number.
The evidence reveals that approximately 25 of these lights were lost in the hurricane, and about one-half of these had been recovered by probing and dragging around the structures where they had been installed. Mr. Bernie LaMulle, the Texaco Company's drilling foreman in charge of the Terrebonne area, testified that a majority of the missing lights were in the Caillou Island area, and that this area is approximately three miles from where the "Captain Ricky" sank. The plaintiff introduced two witnesses, Mr. Richard Dupre, *100 son of the plaintiff and captain of the "Captain Ricky" and Mr. Willard LeCompte, captain of the tug which towed the "Captain Ricky" after it sank, both of whom testified that the "Captain Ricky" sank approximately one-fourth mile from the nearest Texaco platform.
In brief, the plaintiff relies heavily on the case of Board of Control of New Orleans Basin Canal & Shell Road v. W. W. Carre Co., Ltd., 7 Orleans App. 306, where the defendants' failure to explain the presence of one of its logs, which caused damage to the plaintiff's tug, cost him an adverse judgment. In that case, the Court of Appeal cited LSA-C.C. Art. 2317, which article reads as follows:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."
The court went on to hold that the presence of the log and the fact of the damage caused thereby were sufficient prima facie to charge the defendant with liability.
While we are in agreement with the above cited case, we do not believe that it stands for the proposition that LSA-C.C. Art. 2317 imposes absolute liability for damages caused by one's property, but rather a refutable presumption of negligence. We conclude, as did the trial court, that the defendants have met the burden imposed on them by the above cited case, and have successfully refuted all allegations of negligence on their part.
Both in argument and in brief, plaintiff raises the possibility of the light having been dropped overboard in the process of delivery. The trial judge concluded, as do we, that there was no evidence of this. Mr. LaMulle, Texaco's drilling foreman, testified that if the light had been dropped, that fact would have been reported to him, since such lights were very expensive. Also, as pointed out in defendants' brief these lights were sold by Tideland Speciality Company in place, i.e., delivered and installed. It would be just as reasonable to assume that if the light did fall out of a boat, it fell out of a Tideland boat, under which circumstances Texaco would have no liability.
The trial court found that it was not "inconceivable that the navigation light could be carried that distance (i.e. 3 miles) along the bottom by waves and tides generated by the storm," and so do we. Plaintiff's counsel makes much of the fact that the light weighed 200 pounds. This is misleading. The light and battery box together weighed that amount. All that was ever found was the light cylinder itself, which weighed approximately 40 pounds. With regard to the distance the light traveled, the court believes it may take notice of its experience that the force of a hurricane can do strange things. See General Accident Fire & Life Assurance Corp., Ltd. v. Latiolais, La.App., 17 So.2d 753.
Mr. John W. Bachrack, a marine surveyor who qualified as an expert, testified that the barnacles on the light cylinder were approximately two to three weeks old. The hurricane struck on October 3 and 4, 1964, and the accident occurred on October 21, 1964, all of which is consistent with the defendants' contention that the light was blown into the water by hurricane "Hilda".
In summary, there is ample evidence and testimony in the record which, if believed, supports the trial judge's conclusions. In an absence of a showing of manifest error, this court must affirm the findings of fact made by the trial judge. See Fisher v. American Employers Insurance Company, La.App., 187 So.2d 158; Faia v. Service Fire Insurance Company, La.App., 145 So. 2d 116; Williams v. Wolfe, La.App., 187 So.2d 763.
Lastly, the plaintiff urges that the defendants' failure to plead the contributory negligence of the plaintiff in the alternative admits negligence on the part *101 of the defendant Texaco, citing the case of Howard v. Rowan, La.App., 154 So. 382. The rule of the Howard case has been subsequently modified by the holding of this court in the case of Dauterive v. Pan American Life Insurance Company, La. App., 24 So.2d 211, in which this court held that even though the plea of contributory negligence is not made in the alternative, it must be considered as an alternative plea when other language in the pleadings state that negligence on behalf of the defendant is denied. See also LSA-C.C.P. Art. 865, to the effect that pleadings must be construed so as to do substantial justice. An examination of the defendants' pleading will show that they clearly denied any negligence on their part.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.