ELLIS, Judge.
Plaintiff, Jack Christina, Sr., brought this suit against Raymond Yglesias and Joseph Pocorello, d,/b/a Joe Pocorello Trucking Co., alleging that he had made a loan to them, payable on demand, and that the defendants had refused to pay the indebtedness despite demand having been made on them. A judgment was rendered against Mr. Yglesias for $6,000.00, but the suit was dismissed as to Mr. Pocorello. Plaintiff has appealed from that part of the judgment dismissing his claim as to Mr. Pocorello.
Mr. Pocorello’s answer denies all of the allegations of plaintiff’s petition, and Article 4 thereof reads as follows:
“The allegations contained in Article 4 of plaintiff’s petition are denied and your respondent further specially pleads payment in the amount of Sixteen Hundred and No/100 ($1600.00) Dollars on any indebtedness owed by the defendant to plaintiff herein.”
Thereafter, the answer alleges that the loan was made by Mr. Christina to Mr. Yglesias, and that Mr. Pocorello was an interposed party used by Mr. Christina as a matter of convenience so that he could withdraw funds.-from a building account, it being necessary that the nature of the withdrawal be disguised. It is further alleged that it was never intended that Mr. Pocorello would be in any way accountable for the indebtedness, and that he deposited Mr. Christina’s check to his account and immediately issued another in the same amount to Mr. Yglesias.
The allegations of Mr. Pocorello’s answer are fully substantiated by the record. Mr. Christina testified that he assumed Mr. Pocorello would be liable because of a close business relationship between him and Mr. Yglesias. However, both Mr. Yglesias and Mr. Pocorello testified that the loan was made to Mr. Yglesi-as alone and that there was never any intention that Mr. Pocorello be liable. Mr. Christina’s own testimony is that he never spoke to Mr. Pocorello relative to the loan.
Plaintiff further ' claims, however, that the allegation of Article 4 of Mr. Pocorello’s answer is a plea of payment, and that plea of payment, when not made alternatively, constitutes a judicial admission of the obligation on the part of Mr. Pocorello.
Under Article 865 of the Code of Civil Procedure, we are bound to construe pleadings so as to do substantial justice between the parties. It is apparent from the affirmative pleadings in defendant’s answer that he denies any obligation to plaintiff. We do not think he should be penalized because he failed to plead payment in the alternative, when it is clear that by so *895 doing he did not intend to make any judicial admission of his obligation. See Dupre v. Travelers Insurance Company, 213 So.2d 98 (La.App. 1 Cir. 1968).
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.