HEARD, Judge
(dissenting):
I must respectfully dissent from the majority opinion from its finding that Mrs. Myles had not preempted the intersection. The rule as to what constitutes preemption is set forth in Faia v. Service Fire Insurance Company, La.App., 145 So.2d 116 (4th Cir.1962), the court stating:
“As stated above, preemption of an intersection by a motorist is the entrance by the motorist into the intersection at a proper speed and sufficiently in advance of the approaching vehicle to permit him to proceed on his way without requiring an emergency stop by the other vehicle. *726 Heebe’s Bakery Inc. v. Guillot, La.App. 4th Cir., 136 So.2d 71; Gallioto v. Chisholm, La.App. 4th Cir., 126 So.2d 63, and cases therein cited.”
[145 So.2d 116, 118]
The testimony as to what Mrs. Myles did as she entered the intersection is conflicting. Russell Myles, who was in the car with Mrs. Myles, testified that she stopped at the intersection and looked both ways before proceeding. Mrs. Myles testified that she stopped at the intersection and looked both ways, then proceeded at normal speed and saw the Brown vehicle coming down Frederick Street about 75 feet away. At that time he swerved behind some cars which caused her to think he was going to park.
Leonard Scoggins, a disinterested witness, stated that Mrs. Myles stopped at the intersection, then proceeded normally. He then heard the brakes of another car, at which time Mrs. Myles was about half way through the intersection and the car being driven by Brown was 75, 80 or maybe 90 feet from the intersection, traveling at about 35 or 40 miles per hour.
Phillip Brown testified that he was proceeding westerly on Frederick Street about 25 miles per hour and that he first observed the Myles vehicle when he was about 10 or 15 feet from the intersection, and in his opinion she did not stop. He further stated that she was driving about 25 miles per hour.
Pamela Brantley testified that Mrs. Myles slowed at the intersection but did not stop. Mike Woodard testified that Mrs. Myles did not stop at the intersection and that she was going about 15 miles per hour.
Officer R. C. Hayes, Jr., who investigated the accident, stated that he gave Phillip Brown a ticket for careless and reckless driving after the accident.
The trial judge on page 3 of his opinion, stated:
“The testimony seems to establish that the Myles vehicle preempted the uncontrolled intersection to such a point that the Brown vehicle should have relinquished the right to it.”
It seems to me that this is a statement of fact found by the trial judge that the Myles vehicle had preempted the intersection at the time of the accident.
Quoting further from Faia, supra, the court said:
“We are of the opinion that Mrs. Faia proceeded at proper speed into the intersection sufficiently in advance of defendants’ automobile to have permitted her to clear the intersection had Jones been driving his automobile at a proper speed and had he been maintaining a proper lookout . . .”
[145 So.2d 116, 118]
In Howard v. Pan American Fire & Casualty Company, La.App., 240 So.2d 755 (2d Cir.1970) writ refused (1971), we stated that in matters involving the credibility of witnesses, the findings of the trial judge will not be disturbed unless they are manifestly erroneous.
In my opinion it was the finding of the trial judge that Mrs. Myles had preempted the intersection and that this finding was not manifestly erroneous, and, as Mrs. Myles had preempted the intersection, she is without negligence.