**Guy Daniel CRUM, Plaintiff-Appellant,**

v.

**CONTINENTAL OIL COMPANY,**
**Defendant-Appellee.**

**No. 72-2774**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1973.

Foye L. Lowe, Jr., J. D. DeBlieux, Baton Rouge, La., for plaintiff-appellant.

G. Michael Pharis, Tom F. Phillips, Baton Rouge, La., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff, Guy Daniel Crum, an employee of Buras Contractors, Inc., brought suit against defendant, Continental Oil Company, for injuries sustained by him while working aboard a fixed platform owned by defendant, located in the Gulf of Mexico about 30 miles offshore from Grand Isle, Louisiana. The accident occurred on September 11, 1969, at which time plaintiff, along with other Buras employees, was engaged in the maintenance and repair of defendant's platform.

The undisputed facts, taken from plaintiff's own deposition, indicate that the accident occurred as follows: Crum, employed as a welder's helper by Buras, was instructed by his foreman to obtain I-Beams of a certain size from a stack of I-Beams on the platform. Three roustabouts, also employees of Buras, were assigned to help pull the beams out of the stack. Pursuant to Crum's instructions, the roustabouts lifted several

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

I-Beams while Crum, using a device called a tugger clamp, attempted to remove the proper sized beam from near the bottom of the stack. As Crum started attaching the clamp to the beam, one of the beams held by the roustabouts fell, and despite the warning cries of the roustabouts, Mr. Crum's hands were seriously injured by the falling beams. Continental Oil owned and operated the platform and all the materials on the platform.

The district court, with the pleadings and plaintiff's deposition before it, granted defendant's motion for summary judgment based upon the following finding: "there is no material issue of fact involved in this case, and . . . the established facts . . . not only fail to show any negligence whatsoever on the part of the defendant, Continental Oil Company, but, in fact, negate any evidence of negligence on the part of defendant. . . ." Plaintiff appeals, claiming that had the case gone to the jury, he would have proven that the accident was caused by defendant's negligent failure to maintain the platform and materials on it in proper condition. *See* Washington v. T. Smith & Sons, 68 So.2d 337 (La.App.—Orleans, 1953); Dupre v. Travelers Insurance Co., 213 So.2d 98 (La.App.—First Cir., 1968).

As a general rule, we look with extreme caution in cases where the trial judge has removed a negligence determination from the jury. Under Rule 56(c), Fed.R.Civ.P., summary judgment will lie only, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Marsden v. Patane, 5 Cir. 1967, 380 F.2d 489, 491; Sherman v. Hallbauer, 5 Cir. 1972, 455 F.2d 1236, 1241; Croley v. Matson Navigation Co., 5 Cir. 1970, 434 F.2d 73, 75.

Applying these stringent standards, we are unable to say that the district court erred in granting summary judgment. The undisputed facts taken from plaintiff's own deposition make clear that the accident was caused solely by the dropping of the I-Beam by the roustabouts, who were employees of Buras. Despite plaintiff's vehement protestations, we agree with the trial judge, and are unable to say that a reasonable juror could have found defendant in any way causally negligent for this accident. The district court's order granting defendant's motion for summary judgment is affirmed.

Affirmed.