291 So.2d 438 (1974)
Louis J. CAMET, Jr., Individually and on behalf of his minor child, Lori Ann Camet
v.
Lawrence J. GUILLOT and Alfred C. David.
No. 6057.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
Irwin R. Sanders, New Orleans, for plaintiffs-appellees.
Lambert, Nowalsky & Lambert, Lawrence J. Fritz, New Orleans, for defendants-appellants.
Before GULOTTA, MORIAL and MARCEL, JJ.
*439 MORIAL, Judge.
Plaintiff, Louis J. Camet, Jr., individually and on behalf of his minor child, Lori Ann Camet, brought suit against the defendants, Lawrence J. Guillot, Alfred C. David and his insurer, Manchester Insurance and Indemnity Company, for damages allegedly sustained in a motor vehicle collision. After trial, the district court dismissed the suit against Lawrence J. Guillot and entered judgment in favor of Louis J. Camet, Jr., individually and on behalf of his minor child, Lori Ann Camet, against the defendants, Alfred C. David and Manchester Insurance and Indemnity Company, in the total sum of $1,786.74 plus legal interests and costs. Defendants appeal from the judgment against them. No appeal is taken from the dismissal of the suit against Lawrence J. Guillot.
On May 4, 1972 at approximately 8:48 p. m. Lori Ann Camet was operating her father's 1967 Ford automobile in an easterly direction on Camphor Street in the Parish of Jefferson. After stopping at the stop sign on Camphor at the intersection of Transcontinental Drive, a boulevard with a posted speed limit of 35 miles per hour, Miss Camet executed a right turn onto Transcontinental proceeding south and was struck in the rear by an automobile being operated by Alfred C. David in a southerly direction on Transcontinental.
Lori Ann Camet testified that she stopped her vehicle at the stop sign at the intersection of Transcontinental and Camphor. She looked to her left in a northerly direction up Transcontinental and saw four headlights approaching from a distance up the block. She estimated that the cars were at Green Acres Country Club, but could not state how far away they were in terms of feet. She thought she had ample time, and therefore negotiated a right turn onto Transcontinental after which she started picking up speed. When her automobile was struck in the rear by defendant's automobile the other vehicle passed by. Miss Camet could not recall where her car stopped after the impact, but moved her car to the side of the street near the driveway of a house at 1500 Transcontinental.
David's testimony was that he was proceeding on Transcontinental Drive in a southerly direction toward Airline Highway at approximately 35 miles per hour; that there was no car traveling parallel to him. As he approached the intersection of Camphor and Transcontinental he noticed the Camet vehicle stopped at the stop sign 50 or 60 feet ahead of him. He then saw the automobile turn onto Transcontinental Drive from Camphor Street in front of him. David described her as "squeeling the tires with gravel flying behind her." He traveled 20 feet after seeing the Camet auto before he applied his brakes in an effort to avoid hitting the automobile, but the Camet vehicle slowed down and he hit it in the rear. David testified that after the accident he was unable to move his car from the point of impact.
Mrs. Mary Boudreaux, who lived at 1610 Transcontinental Drive at the time of the accident testified. Her home was approximately 100 feet north of the corner of Camphor and Transcontinental. She said that on the night of May 4, 1972 she was looking out her front window waiting for guests when she saw two cars traveling side by side in a southerly direction on Transcontinental Drive at what she thought was a fast speed. She said a third car pulled onto Transcontinental and traveled a distance of approximately 200 feet toward Airline Highway from the corner of Camphor and Transcontinental before being hit in the rear. She pinpointed the impact of the David and Camet cars at the second telephone pole on Transcontinental away from Camphor. Mrs. Boudreaux testified further that she did not hear the "squeeling of tires and the throwing of gravel" when the Camet automobile turned onto Transcontinental.
Another witness, Mrs. Gloria Beach, 1500 Transcontinental Drive, testified that on the evening of the accident she was returning home, traveling on Transcontinental *440 in a northerly direction. She stated that as she started to turn into the neutral ground of the intersection from the northbound side of Transcontinental to begin a U-turn she saw the Camet vehicle at the stop sign on Camphor and two fast moving autos traveling abreast in a southerly direction on Transcontinental. It appeared to her that the two vehicles were drag racing. She did not see the impact, but thereafter the two cars were resting at opposite sides of her property line, the Camet vehicle the farthest up the street; the David vehicle at her property line nearest the intersection of Camphor and Transcontinental.
The testimony of Deputy Frank Brewer of the Jefferson Parish Sheriff's Department who investigated the accident is of very limited evidentiary value. His written report of the accident is not in the record. He testified that skidmarks on Transcontinental began 30 feet back from the point of impact; that there were no skidmarks near the stop sign on Camphor at Transcontinental.
Admitted into evidence without objection as plaintiff's exhibit No. 6 is a diagram of the location of the accident. The plaintiff made the diagram shortly after the accident, using a tape measure to determine the distances and locations of the vehicles after the accident. It pinpoints the David vehicle at the northern property line of Mrs. Beach which is approximately 200 feet from the intersection of Camphor and Transcontinental. The Camet vehicle is at the southern line of the Beach property 300 feet from the corner of Camphor and Transcontinental.
The testimony of the two disinterested witnesses, Mesdames Boudreaux and Beach, is not at variance with the diagram. Mrs. Boudreaux having testified that the Camet auto had traveled approximately 200 feet on Transcontinental before being hit; Mrs. Beach having stated that the David vehicle was stopped at her property line nearest Camphor, which is 200 feet from the Corner of Camphor and Transcontinental.
The testimony of the parties and witnesses as well as the evidence of physical damage to the Camet vehicle, show unmistakingly that the Camet auto stopped at the intersection of Camphor and Transcontinental, turned and proceeded 200 feet south on Transcontinental before being rear-ended.
David's own testimony makes him guilty of negligence. He testified that his car stopped at the point of impact; that he was driving at 35 miles per hour when he saw the Camet vehicle at the stop sign 50 to 60 feet in front of him and traveled 20 feet before applying his brakes. For the Camet vehicle to have traveled 200 feet from the intersection after turning onto the favored street before being rear-ended by an oncoming vehicle that was 50 to 60 feet away, the oncoming vehicle was traveling considerably in excess of 35 miles per hour.
The jurisprudence in this state is settled that a motorist who enters the intersection of a right of way street from the less favored street, may upon observing the yield or stop sign, then proceed across the favored street or turn into the favored street and assume that vehicles approaching on that street will observe the speed limit. Barry v. Billac, 250 So.2d 516 (La. App. 4th Cir. 1971); Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605 (1956).
Lori Ann Camet's testimony clearly indicates that she acted cautiously under the circumstances and complied with the "prudent driver" rule.
The actual speed of the driver entering a favored street is not the test of responsibility nor is he required to desist from entry so long as any traffic is in sight. The test is whether the motorist entering an intersection in front of an oncoming automobile acted as a reasonably prudent and cautious person under the circumstances. Barry v. Billac, supra; Zager *441 v. Allstate Insurance Company, 211 So.2d 744 (La.App. 3rd Cir. 1968) and decisions summarized therein.
Without a specific reference to contributory negligence in its answer, defendant alleged that "the accident was caused solely due to the negligence" of the plaintiff-driver in enumerated particulars. This averment was sufficient to put contributory negligence at issue. Defendants plea satisfied the requirement that the answer "set forth affirmatively" contributory negligence. LSA-C.C.P. Article 1005; Paxton v. Ballard, 289 So.2d 85 (La.Sup. Ct., 1974).
On the basis of our analysis of the record and in view of our jurisprudence, we find that the plaintiff-driver properly discharged her responsibility prior to and upon entering the intersection and was not guilty of contributory negligence. The negligence of the defendant in the careless operation of his vehicle was the sole and proximate cause of the accident.
Defendants contend that it was improper for the trial judge to view the scene of the accident, if in fact he did, as he stated he would. Assuming that he did, we find no error in this respect.
The propriety of such conduct was considered by this court in Orgeron v. Muhleisen, 256 So.2d 458, 460 (La.App. 4th Cir. 1972) where the Court said:
"A trial judge may certainly visit an accident scene to accomplish a better understanding of the testimony of the witnesses by viewing the described physical surroundings. This only becomes improper when the judge conducts tests at the scene in order to supply evidence and then bases his conclusions on that evidence. The conclusions of the trial judge must be based on the evidence produced at trial and not on post-trial data that he improperly develops at the accident scene."
There are no reasons for judgment in this case. We do not find anything in the record to indicate that the conclusions reached by the trial judge were drawn from personal observation. The record independently supports the finding that the defendant, Alfred C. David, was negligent.
This court must give great weight to the factual conclusions of the trial court. On review we will not reverse a decision of the lower court when the evidence before the trier of fact, upon its reasonable evaluation of credibility, furnishes a reasonable basis for the trial court's finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973) rehearing denied.
For the foregoing reasons, we affirm the judgment of the district court. Defendants are to pay all costs.
Affirmed.