ELLIS, Judge:
This suit arises out of a two vehicle collision which happened in St. Mary Parish on September 28, 1971. The vehicles involved were a 1970 Chevrolet wrecker, owned and operated by Tommy P. Woy-chesin, and a pick-up truck owned and operated by Kenneth D. Clark, an uninsured motorist.
Plaintiff herein is Mr. Woychesin, and defendants are Mr. Clark’s heirs or legal representatives, and State Farm Mutual Automobile Insurance Company, plaintiff’s uninsured motorist insurer. Service was effected only on State Farm, and the case was tried between it and plaintiff. After trial on the merits, judgment was rendered in favor of State Farm dismissing plaintiff’s demands, from which judgment both parties have taken a devolutive appeal.
*853 At issue in this court is the question of plaintiffs contributory negligence, and the question of plaintiff’s coverage under the State Farm policy.
On the evening of the accident, plaintiff was driving his wrecker on Red Cypress Road. When he came to its intersection with U. S. Highway 90, a four lane divided highway, he stopped at a stop sign intending to turn right into the highway and head west. He saw the Clark vehicle approaching from the east, in a curve estimated to be three tenths to four tenths of a mile from the intersection. He then entered the highway and began driving west in the right hand west bound lane. Plaintiff had accelerated to a speed of about 35 miles per hour and was 288 feet west of the intersection when he was struck from the rear by the Clark vehicle, which was estimated to be going 95 miles per hour.
Defendant claims that plaintiff was contributorily negligent in entering a major highway with a 70 mile per hour speed limit in a vehicle with slow acceleration characteristics in the face of approaching traffic. There is no merit to this contention. Considering the distance of the Clark vehicle when plaintiff stopped at the intersection, and the distance plaintiff travelled after entering the highway, it is readily apparent that it was safe for him to do so. The proximate cause of the accident was the failure of Clark to keep a proper lookout and see what was there to be seen, and the high speed at which he was driving.
State Farm’s policy defense is that the 1970 wrecker was not covered under the policy because it was not described therein. The vehicle described in the policy is a 1965 Chevrolet wrecker. Mr. Woychesin testified that he wrecked the 1965 wrecker by backing it into a bulldozer, and bought the 1970 wrecker to replace it. The certificate of title of the 1970 wrecker shows it was acquired on August 2, 1971. Although it is contended otherwise, the record shows that the 1965 wrecker remained out of service until after Mr. Woychesin had recovered from the injuries suffered in the apcident, when he repaired it. The 1970 wrecker was a total loss as a result of the accident.
The policy provides:
“Description of Insured Automobiles
“Any automobile designated in the declarations of the policy and an automobile ownership of which is acquired during the policy period by the prihcipal named insured as replacement therefor.”
The trial judge concluded that, since the 1965 wrecker was in use at the time of the trial, and since State Farm was never notified of the acquisition of the 1970 wrecker, nor asked to substitute it as the insured vehicle in the policy, the 1970 wrecker was not acquired as a replacement vehicle.
We think the evidence is to the contrary. Mr. Woychesin stated that he bought the 1970 wrecker to replace the wrecked 1965 wrecker. We find no requirement in the Family Protection Coverage section of the policy that any notice of the change be given. The evidence preponderates to the effect that plaintiff did not originally intend to repair the 1965 wrecker, and did so only after the accident in which the 1970 wrecker was totally destroyed. We therefore hold that, as of the time of the accident, Mr. Woychesin intended the 1970 wrecker to be a replacement for the 1965 wrecker, and that there is coverage afforded under the Family Protection Coverage section of the policy.
We need not detail the injuries suffered by plaintiff in this accident except to state that they merit an award in excess of the limits of $5,000.00 afforded by the policy.
Since we have concluded that plaintiff is entitled to recover on the foregoing ground, we need not consider his other specification of error.
The judgment appealed from is therefore reversed, and there will be judgment here *854 in in favor of Tommy P. Woychesin and against State Farm Mutual Automobile Insurance Company for $5,000.00, together with legal interest from date of judicial demand until paid, and all costs.
Reversed and rendered.