MILLER, Judge.
Defendants Charles B. Manuel and his insurer Travelers Insurance Company appeal the trial court judgment awarding damages for personal injuries suffered by guest passenger plaintiff Patricia Manuel. The trial court found plaintiff Donald Manuel (Patricia’s husband) to be a co-tortfeasor and awarded judgment in favor of third party plaintiffs Charles and Travelers against Donald for one-half the amount of the judgment. Donald and Patricia answered the appeal seeking to overturn the finding that Donald was negligent and to increase the award. We affirm.
The accident occurred a half mile east of Mamou at about 1:25 p. m. on December 25, 1971. Both vehicles were eastbound and the weather was clear and dry. Donald made a left turn off Louisiana Highway 95 onto an unmarked deadend blacktopped road which served some twenty to thirty homes. Donald did not see the overtaking State Police patrol unit driven by Charles.' Charles was driving about 60 mph (the speed limit) and was committed to the passing maneuver when Donald angled to make the left turn. Charles’ patrol unit laid down 120 feet of skid marks, all in the passing lane, before the front center of his patrol unit struck the left rear corner of Donald’s pickup truck. At impact the patrol unit was half on the blacktop and half on the north shoulder of Highway 95. At impact, the left rear corner of the pickup truck was at the west edge of the blacktop portion of the intersecting private road. After impact the pickup truck moved 38 feet and the patrol unit traveled 43 feet.
An ambulance was called for Patricia who was injured in the accident. There were no other personal injuries and the cost of repairing Donald’s pickup truck was estimated at $166.40.
We first consider the holding that the overtaking driver Charles was negligent. He admitted that he frequently traveled this road and knew this residential area was served by the unmarked blacktopped road which was in regular use. Highway 95 is blacktopped to a width of 22 feet. The width of the private blacktopped road was not measured, but it was not denied that the blacktopped portion was wide enough to be a two lane road. The sod shoulders add another twelve feet to the width of the private road.
Although the trial judge did not assign written reasons, it appears that he found the private road met the standards set for the application of LSA-R.S. 32:76, subd. A (2). This statute prohibits passing within 100 feet of an intersection. There is no manifest error in the holding that Charles violated the provisions of this statute by *905 attempting to pass at the intersection. For similar facts see Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1968). We distinguish Chapman v. Harrison Pipeline Company, 261 So.2d 82 (La.App. 3 Cir. 1972) on the facts and note that there we also applied the manifest error rule to affirm the trial court’s factual 'determination.
Portions of the testimony given by both drivers are missing from this record. The court reporter’s electronic recording equipment broke down. Since relevant testimony is not before us we give more weight to the trial court’s finding of credibility and factual determination. We find no error in the holding that the overtaking motorist was negligent and this negligence was a legal cause of the accident.
For the same reasons we find no manifest error in the holding that left turning Donald was negligent and his negligence was likewise a legal cause of the accident. Donald told the investigating officer that he didn’t recall giving a signal. His left turn was started long before he reached the intersection. There is a basis for finding that Donald failed to look or failed to see what he should have seen to determine whether or not the left turn could be safely executed. In so doing, he violated LSA-R.S. 32:104, subd. A. Washington Fire & Marine Insurance Company v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957). We therefore find no manifest error in the factual determination that Donald’s claim is barred because of his contributory negligence.
Both Donald and Charles seek to use the doctrine of last clear chance. The left turning Donald contends that Charles could have avoide4 the accident by driving straight down the highway rather than easing to the left, or by slowing or stopping after Charles observed Donald commence his left turn. Charles contends that Donald could have avoided the accident by looking to the rear before commencing his left turn.
To invoke the last clear chance doctrine it must be established that: (1) The person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) The person against whom the doctrine is invoked actually discovered or was in a position where he could or should have discovered such other person’s peril; and, (3) That at the time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Thomas v. Lumbermen’s Mutual Casualty Company, 146 So.2d 275 (La.App. 3 Cir. 1962).
We deny Donald’s claim to this doctrine on finding that Charles reacted as soon as it was possible to see that Donald intended to make the left turn. Charles’ reaction to the emergency was immediate and in accordance with his duty to exercise reasonable care.
We deny Charles’ claim to the doctrine of last clear chance. This doctrine does not relieve Charles of his negligence which was a legal cause of injuries suffered by the guest passenger Patricia. While Donald and Charles may invoke as between one another the doctrine of last clear chance in determining liability for the accident jointly caused by the negligence of Donald and Charles, nevertheless the doctrine cannot be invoked by one tort-feasor so as to avoid liability to innocent third parties who sustain damages as the result of both tort-feasors’ negligence. Shield v. F. Johnson & Son Co., Ltd. et al., 132 La. 773, 61 So. 787, 47 LRA.,N.S., 1080 (1913); Howard v. Fidelity & Casualty Company of New York, 179 So.2d 522 (La.App. 3 Cir.1965).
Lastly, we consider Patricia’s claim that her award should be increased. She suffered a cervical and lumbosacral strain requiring hospitalization on two separate occasions.. The third week of her hospitalization was spent in traction. She never wore a cervical collar. After the fourth *906 month, there were no objective symptoms. The orthopaedic surgeons related her complaints of pain to the injuries suffered in the accident. They nevertheless agreed that her pain was of a mild nature. The $5000 award is within the bounds of the great discretion granted trial courts in these matters.
The judgment is affirmed at defendants’ appellants’ costs.
Affirmed.
HOOD, J., dissents, being of the opinion that the junction of the private road and Highway 95, where the accident occurred, was not an “intersection,” within the meaning of LSA-R.S. 32:76, subd. A(2).