308 So.2d 438 (1975)
Mack JACKSON, Plaintiff-Appellee,
v.
CONTINENTAL CASUALTY COMPANY et al., Defendants-Appellants.
No. 4879.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
Writ Refused April 24, 1975.
*439 Stafford, Pitts & Stafford by John L. Pitts, Alexandria, for defendants-appellants.
Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendants Archie L. Wise and his insurer Continental Casualty Company appeal the judgment awarding plaintiff Rev. Mack Jackson damages resulting from an intersectional collision. We reverse.
Wise was driving north on U.S. Highway 71 in a 1967 Mack truck pulling a trailer loaded with twenty yards of sand. Jackson was driving west northwest on Louisiana Highway 1226 and had stopped his 48 passenger school bus in obedience to a stop sign. After looking and seeing no approaching traffic, Jackson started to cross the intersection. When he saw the approaching Mack truck he attempted to turn right. The right front end of the truck struck the left front side of the school bus at a point in the westernmost part of the northwest quadrant of the intersection. *440 White paint off the right side of the truck's trailer was found along the left side of the school bus and minor damage was found at the left rear side of the school bus.
The trial court properly held Jackson contributorily negligent in that he "either did not see the truck, or if he did, misjudged its position." However, damages were awarded, on the basis that Wise had the last clear chance to avoid the accident. The court concluded that when the school bus entered the intersection, "by the exercise of ordinary driving care and with sufficient brakes, (Wise) could and should have seen the plaintiff's peril and could have had his truck under control to avoid the collision." (Emphasis added.) We find manifest error in this conclusion.
The holding was based in part on the conclusion that the photographs "indicate that the bus was first hit along the rear and the left side...." No mention was made of the fact that the photographs show the front left side of the school bus to have been totally demolished while only minor damage was shown along the remainder of the left side and particularly the left rear side of the school bus. We are impressed by the officer's sketch introduced by plaintiff's counsel. It confirms that first impact occurred when the right front of the truck struck the left front wheel of the school bus.
Even though the trial judge rejected Wise's testimony to this same effect, the evidence conclusively establishes that the first impact occurred at the front left side of the school bus.
It was established that the left rear tires of the truck's tandem trailer deposited skid marks on the pavement starting at the centerline of Highway 71 curving to the west edge of the highway. These skidmarks were measured by the investigating officer and found to be about 90 feet long, while a school board member measured them to be about 123 feet in length.
After impact the dump truck turned over on its side and dumped its load of sand so that it blocked the entire southbound lane and part of the northbound lane of Highway 71 at a point only one or two truck lengths north of the intersection.
One element which must be proved by one asserting the doctrine of last clear chance is that at the time the peril is actually discovered, or should have been discovered, the party against whom the doctrine is invoked had a reasonable opportunity to avoid the accident. Wrights v. Aetna Insurance Company, 300 So.2d 201 (La.App. 3 Cir. 1974); Manuel v. Manuel, 299 So.2d 902 (La.App. 3 Cir. 1974); Ortego v. State Farm Mutual Automobile Insurance Company, 295 So.2d 593 (La.App. 3 Cir. 1974). Wise did not have a reasonable opportunity to avoid the accident because the school bus entered the intersection when Wise's vehicle was too close. When Jackson left his position of safety and continued into the intersection, there was no way for the heavily loaded truck to avoid the accident.
The trial judge held that Wise was negligent for driving too fast and driving with defective brakes. These facts do not assure Jackson of recovery under the last clear chance doctrine, for that doctrine would take Wise in his then (speeding and defective brakes) condition. In determining whether or not he could have avoided the accident, one must consider his actual condition at the time. Mamola v. Allstate Insurance Company, 194 So.2d 414 (La. App. 4 Cir. 1967). Thus, assuming the correctness of the trial court's holding that Wise was going too fast and had inadequate brakes, there was nothing he could do to avoid the collision when he saw the school bus enter and continue into the intersection.
The trial court properly held Jackson to have been negligent, but improperly applied the last clear chance doctrine to allow recovery.
*441 The judgment is reversed and set aside, and plaintiff's suit is dismissed at his costs both at trial and on appeal.
Reversed and rendered.
WATSON, J., concurs and assigns written reasons.
WATSON, Judge (concurring):
I very reluctantly concur. The reversal of the trial court's decision in favor of plaintiff has the effect of holding that the more negligent the tort feasor, the more likely he is to escape liability. I disagree with this concept.
I accept the factual findings of the trial court which were in part as follows:
"This suit arises out of a school bus and gravel truck collision at the intersection of U. S. Highway 71 and Louisiana Route 1226 in Natchitoches Parish, approximately three miles south of Clarence.
"U. S. Highway 71 is the favored highway and the defendant was driving a 1967 Mack truck loaded with twenty yards of sand, traveling north of Highway 71. Plaintiff was driving a twenty-one foot long school bus in a westerly direction. As the plaintiff approached the intersection, he stopped his bus in obedience to a stop sign. After looking in both directions and seeing no traffic, he attempted to cross the intersection. As the plaintiff entered the intersection, he glanced again to his left and discovered the sand truck approaching on the wrong side of the road, apparently out of control. Plaintiff then cut his bus to the right in an effort to permit the truck to pass on his left. The point of impact between the two vehicles was on the western most portion of the northwest quadrant of the intersection. Photographs introduced at the trial indicate that the bus was first hit along the rear and the left side, causing damage to the bus and injuries to the plaintiff. The sand truck skidded after hitting the bus a glancing blow and turned over, emptying the sand onto the pavement.
"... the length of the tire marks left by the sand truck ... measured one hundred twenty-three feet....
"During the course of the trial it was brought out that at least one of the tires on the sand truck locked, causing the driver serious difficulty in maintaining the vehicle under safe and proper control. Defense counsel admits that the sand truck brakes did not comply with the requirements of Louisiana Law that all wheels on the ground of a vehicle of this type must be equipped with brakes. The Court finds that the driver of the Mack truck was negligent in operating a truck without brakes on the two front wheels as required, and in having a defective brake on the left rear wheel which locked when it was applied. The Court further finds, ..., that the defendant driver was far exceeding the legal speed limit at the time of the accident.
"..., the intersection at which the plaintiff stopped was not a blind intersection. Located several hundred feet south of the intersection was a curve and it was possible for the plaintiff to see the oncoming truck four hundred or five hundred feet, at least, from where he stopped at the stop sign." (TR. 22-23)
Several facts of importance are emphasized by the trial court and minimized or rejected by the majority:
(1) the high rate of speed of the dump truck
(2) the great weight of twenty cubic yards of sand on a truck with defective brakes
(3) the force involved not only to lay 123 feet of skid marks but to overturn the heavily loaded truck and
(4) the truck was on the wrong side of the road.
*442 The defendant driver was unquestionably negligent. The trial court found that plaintiff either did not see the truck or misjudged its position and was guilty of contributory negligence. However, the trial court concluded that the defendant driver should have seen plaintiff's peril and avoided the collision and found liability under the doctrine of last clear chance.
In essence, defendants contend that, since the defendant driver was going too fast and had inadequate brakes, he did not have a chance to avoid the accident.
I am not convinced that the facts establish proximate or causal negligence on the part of plaintiff. As stated in Camet v. Guillot, 291 So.2d 438 (La.App. 4 Cir. 1974):
"The jurisprudence in this state is settled that a motorist who enters the intersection of a right of way street from the less favored street, may upon observing the yield or stop sign, then proceed across the favored street or turn into the favored street and assume that vehicles approaching on that street will observe the speed limit. Barry v. Billac, 250 So. 2d 516 (La.App. 4th Cir. 1971); Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605 (1956)." 291 So.2d 440
Also see Woychesin v. State Farm Mutual Automobile Insurance Co., 295 So.2d 852 (La. App. 1 Cir. 1974); writ refused, 299 So.2d 801.
Even if plaintiff were negligent, as found by the trial court, my examination of the record indicates that his negligence may not have been a proximate cause of the accident. Plaintiff's bus had almost cleared the intersection at the time of this collision, which occurred solely because the defendant driver was driving a heavily loaded truck with inadequate and defective brakes at an excessive rate of speed. Faia v. Service Fire Insurance Company, 145 So. 2d 116 (La.App. 4 Cir. 1962).
Let us consider the rationale of defendants' contention in regard to last clear chance, since the trial court allowed recovery on this basis. This theory applies to an accident which one party could or should have prevented, even though both parties were negligent. Gallioto v. Chisholm, 126 So.2d 63 (La.App. 4 Cir. 1960) writ denied; Hamilton v. Dalrymple, 135 So.2d 536 (La.App. 2 Cir. 1961). It has been held that the theory does not apply in a case such as this where a defective vehicle and/or excessive speed make it impossible for the party with a theoretical chance to prevent an accident to actually do so.[1] Mamola v. Allstate Insurance Company, 194 So.2d 414 (La.App. 4 Cir. 1967); 27 La.Law Review 269.
I would not hold that the trial court erred in applying the doctrine, because under my analysis, concluding that plaintiff's negligence may have been only a remote cause of the accident and that defendant's negligence (excessive speed and defective brakes) may have been the proximate cause of the collision, I would not reach the question of last clear chance.
Perhaps this is the type of case which should be decided under Civil Code Article 2323.[2] Many scholars have called for the recognition of the doctrine of comparative negligence in Louisiana. See, for example, Professor Wex S. Malone's article entitled *443 "Comparative NegligenceLouisiana's Forgotten Heritage" at 6 La.L.R. 125. Also, Hillyer, "Comparative Negligence in Louisiana" 11 Tul.L.R. 112 and Stone "Tort Doctrine in Louisiana" 16 Tul.L.R. 489 at 500. The bar seems divided on the merits of the doctrine. Compare the views of Mr. Gainsburgh, 17 La.Bar J. 121, and Mr. Cotton, 17 La.Bar J. 205.
In any event, in view of the factual findings by the trial court that the truck driver was negligent and that the bus driver was contributorily negligent and in view of the legal conclusion dictated by the jurisprudence that "last clear chance" is not applicable, I reluctantly concur in the reversal.
NOTES
[1] Dean Prosser has criticized rather strongly the doctrine of last clear chance and especially the nonapplicability where negligence may avoid liability, saying:

"In its application, it is not infrequent that the greater the defendant's negligence, the less his liability will be. The driver who looks carefully and discovers the danger, and is then slow in applying his brakes, may be liable, while the one who does not look at all, or who has no effective brakes to apply, may not." Prosser, Law of Torts, West. 1955, p. 443.
[2] LSA-C.C. art. 2323.

Art. 2323. Computation of damages
Art. 2323. The damage caused is not always estimated at the exact value of the thing destroyed or injured; it may be reduced according to circumstances, if the owner of the thing has exposed it imprudently.