CULPEPPER, Judge.
The plaintiff bank filed this suit as the holder and owner of a promissory note of which defendant is the maker. The defense is that the debt has been discharged in bankruptcy proceedings. From an adverse judgment, the plaintiff has appealed.
At the very outset, the plaintiff bank calls to our attention that the record contains no proof of defendant’s discharge in bankruptcy. Proof of the discharge is an essential element of the special defense urged. However, under the circumstances we will exercise our discretionary power to remand this case to the lower court in order that the discharge can be proved.
The facts show that the $4,000 promissory note in question was executed on March 7, 1967. Defendant filed a petition for vol *725 untary bankruptcy on March 1, 1968. The plaintiff bank filed this suit in state court on March 13, 1968. Defendant filed an answer on March 21, 1968 alleging that he was “adjudged a bankrupt on March 1, 1968.” However, it was subsequently disclosed that he had only filed a petition for bankruptcy on March 1, 1968.
On March 22, 1968, the plaintiff filed a supplemental petition in the present case generally alleging that defendant had given a false financial statement in obtaining the loan and hence the debt sued on was not discharged in bankruptcy. The case was set for trial on June 14, 1968. Since he had not yet obtained his discharge in bankrutcy, defendant moved for a continuance but this was denied and the case was tried as scheduled, resulting in a judgment for the defendant. The plaintiff bank appealed and the record was lodged in this court on September 18, 1968. The defendant has attached to his appellate brief a copy of his discharge in bankruptcy which was signed on September 24, 1968 and, of course, adjudicates him a bankrupt as of the date his original petition in bankruptcy was filed on March 1, 1968.
Under the circumstances, we will exercise our discretionary power to remand this case to the trial court for the purpose of allowing defendant to introduce proof of his discharge in bankruptcy. LSA-C.C.P. Article 2164; Excel Finance Camp, Inc. v. Autin, La.App., 177 So.2d 662; Standard Brass & Manufacturing Co. v. Maryland Casualty Company, La.App., 153 So.2d 475; Gloston v. Commercial Standard Insurance Co., La.App., 196 So.2d 302.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for the purpose of allowing defendant to introduce proof of his discharge in bankruptcy and for further proceedings in accordance with law. All costs of this appeal are assessed against the defendant appellee. Costs in the lower court will await the final disposition of the case there.
Reversed and remanded.