MILLER, Judge.
We remanded this case for additional evidence. 217 So.2d 724. Plaintiff bank seeks judgment as holder of a promissory note made by defendant. Plaintiff appealed the trial court decision that the debt was discharged in bankruptcy proceedings.
Under the provisions of Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35), a discharge does not release the bankrupt’s liabilities for obtaining money or property by false pretenses or false representations. After discharge, in order to recover, it is incumbent on plaintiff to show (1) that defendant made false representations; (2) with intent to defraud plaintiff; and (3) that plaintiff relied upon and was misled by the false pretenses or representations. X-L Finance Co. v. Donaway, 195 So.2d 730 (La.App. 1 Cir. 1967); Feliciana Finance Company v. Bateman, 194 So.2d 781 (La.App. 1 Cir. *432 1967); Excel Finance Mid City, Inc. v. Meilleur, 137 So.2d 503 (La.App. 4 Cir. 1962).
The issues are: Did defendant intend to defraud the bank by giving a false financial statement to obtain the March 1967 loan? If so, did the bank rely on this statement?
These are questions of fact. Thefe are impressive lines of testimony which would support a finding for either party on the first question. We do not find manifest error in the trial court’s finding that the bank did not rely on defendant’s financial statement in granting the March 1967 loan.
The bank president testified that the original loan was made in 1963 for the purpose of obtaining operating capital. This loan and eight additional loans were made or renewed from year to year.
The bank’s allegation of deception relates only to the 1966 financial statement. But the first time that the bank noted that this 1966 statement covered defendant’s operations for calendar year 1965 was when the bank president was on cross examination. Tr. 101, 102.
The only financial statements in evidence are one for 1963 and one for 1966. The bank president explained that old statements were destroyed when new ones were obtained, and was unable to explain why the 1963 statement was in the file. Tr. 79. On the other hand, defendant testified that the only financial statements furnished to the bank were the two introduced in evidence. Tr. 111.
The bank president was unable 'to state when he received (Tr. 103) or looked at the 1966 financial statement. Tr. 102. But he testified that the statement was in his possession when he made the March 7, 1967 loan. The bank president testified that the bank did not ask for a current financial statement when the March 1967 loan was made. Tr. 103.
Defendant was certain that no financial statements were requested for the loan of March 7, 1967. Tr. 112. He too was unable to state when the 1966 financial statement (which covered business for 1965) was delivered to the bank. Tr. 112. The bank did not contradict defendant’s testimony that the only discussion when the March 7th loan was made was that defendant was unable to pay the $4000 then due; that he could pay interest; and that the bank collected the interest and renewed the loan with the March 7, 1967 note. The bank’s only request was that $25.00 monthly payments on principal be commenced on another loan. Defendant agreed to and did comply with this request.
The judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
Affirmed.