STOULIG, Judge.
Plaintiff, Ethel L. Williams, was injured at the Carter G. Woodson Junior High School while attempting to open an iron *644 mesh door which fell on her and knocked her to the ground. At the time of the accident, the school was leased to the City of New Orleans for use as a polling place in a local election and plaintiff was entering the building to cast her vote. She was awarded $5,179 general and special damages against the Orleans Parish School Board, the lessor-defendant, which has prosecuted this appeal.
The facts are not disputed. On April 6, 1971, plaintiff reached for the handle to open a metal door to enter the Woodson School cafeteria, where the voting booths were located. The door fell knocking her backward and pinning her beneath it. Two men were' required to lift the door because of its weight.
Miss Williams, then 50 years of age and weighing 272 pounds, suffered an injury to her right hand and shoulder that required frequent medical attention for the following five months. The medical evidence supports a hypothesis the trauma activated a dormant arthritic condition in the shoulder that produced acute pain over a five-month period and caused a possible swelling of the right hand. Whether the swollen hand was a result of edema or a result of the trauma is not conclusive from the evidence.
To defeat liability, defendant first contends it is immune from suit in tort without specific legislative authority waiving such immunity. We note there is in evidence a concurrent resolution[1] of the Louisiana House of Representatives and the Senate permitting Mrs. Ethel Williams to sue “ * * * the Orleans Parish School Board, upon a claim for damages alleged to have been sustained by reason of an accident * * * and alleged to have been caused by the negligence of the officers, agents and/or employees of the said Orleans Parish School Board.”
The school board contends the quoted waiver would limit Mrs. Williams to a tort action in which she would have the burden of proving negligence, which she failed to do. Even were we to find merit in this argument, it would not defeat defendant’s liability because plaintiff testified the door that fell “ * * * was rusted from the top of the hinges and at the bottom it was rusted, it was all rotted from the top and bottom * *
This testimony is not rebutted. The defendant did not call any witnesses or produce any evidence that would discredit Mrs. Williams’ description of what was apparently a negligently maintained door.
Assuming arguendo that the legislative waiver required the plaintiff to prove actionable negligence' and further assuming that the plaintiff failed to prove the defendant’s specific acts of negligence, that despite these assumptions we would still be compelled to find for the plaintiff based upon defendant’s strict liability as a lessor to its tenant or invitee under C.C. arts. 2693 and 2695, in view of the en banc ruling of this court that the school board does not enjoy governmental immunity from suit. See Orleans Parish School Board v. Williams, 300 So.2d 848 (La.App. 4th Cir. 1974).
In Williams the majority alluded to the obvious problems of violations of the due process and equal protection clauses of the United States Constitution, the concurring opinion held the state constitutional grant of sovereign immunity to the school board[2] was unconstitutional, and in an en banc refusal of an application for rehearing, this court expressly held the defense of sovereign immunity and the jurisprudence upholding it were no longer valid for the reasons cited in Board of C. of P. of New Orleans v. Splendour S. & E. Co., 273 So.2d 19 (La.1973). Although the Supreme Court granted writs and affirmed our *645 result,[3] it declined to consider the constitutional issues; therefore, the en banc view of this court quoad the school board' remains unaffected.
We hold the plea of governmental immunity invalid. We further conclude the school board is liable in damages and plaintiff has established a prima facie case that would sustain a judgment under either C.C. art. 2315 or C.C. arts. 2693 and 2695.
We next consider quantum. Appellant claims the general damage award is excessive, and plaintiff, answering the appeal, claims it is inadequate. We find merit in neither argument. Appellate courts may only adjust damage awards when the trial judge has abused the “much discretion” vested in him by C.C. art. 1934.[4]
In this case plaintiff was awarded $4,500 for a shoulder injury that produced painful symptoms, involving activation of a dormant arthritic condition, for more than five months. Plaintiff was treated by her family doctor, who was acquainted with her medical history, and his testimony proves the complaints of pain were a direct result of the trauma. Defendant’s expert does not take issue with the duration of pain. For this an award of $4,500 general damages is adequate and should not be modified. The cases cited by plaintiff to support the request for an increase are not authority for our concluding the trial judge abused his discretion in setting quantum.[5]
Defendant finally contends the trial court improperly condemned it to pay all costs of these proceedings, when, as an agency of the state, it is only liable for stenographic fees. This contention is correct and the judgment is amended accordingly.[6]
For the reasons assigned, the judgment appealed from is amended to cast the defendant, the Orleans Parish School Board, for the cost of stenographic fees incurred in connection with this litigation and to absolve the defendant from bearing any other costs of litigation. In all other respects the judgment appealed from is affirmed.

Amended and affirmed.

. House Concurrent Resolution No. 247 of the 1972 Regular Session of the Louisiana Legislature.

. LSA-Const. Art. 19 § 26 (1921).

. Orleans Parish School Board v. Williams, 312 So.2d 647 (La.1975).

. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.1963).

. Manuel v. Manuel, 299 So.2d 902 (La.App. 3d Cir. 1974); and Picou v. Sighlands Insurance Company, 298 So.2d 307 (La.App. 1st Cir. 1974).

. LSA-R.S. 13:4521; Johnson v. Orleans Parish School Board, 261 So.2d 699 (La.App. 4th Cir. 1972).