359 So.2d 1129 (1978)
Roy J. VINCENT, Jr., et al., Plaintiffs-Appellants,
v.
Dr. Vernon VOORHIES et al., Defendants-Appellees.
No. 6484.
Court of Appeal of Louisiana, Third Circuit.
June 8, 1978.
J. Minos Simon, Lafayette, for plaintiffs-appellants.
Voorhies & Labbe, Marc W. Judice, Lafayette, Michael G. Barron, Baton Rouge, Herbert J. Mang, Jr., New Orleans, for defendants-appellees.
Before GUIDRY, FORET and CUTRER, JJ.
FORET, Judge.
The constitutionality of certain sections of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq. (Act 817 of 1975), is at issue in this appeal.
Plaintiff filed this tort suit based on alleged medical malpractice of several defendants. Plaintiff alleged that his injuries occurred in December, 1975, thereby bringing the new medical malpractice act into focus. Plaintiff also prayed in his petition *1130 that the provisions of the medical malpractice act be declared unconstitutional. The defendant doctor filed exceptions styled exceptions to venue and jurisdiction, claiming that the proper venue and forum were set forth in the medical malpractice act and that plaintiff had not complied with the act's directives.
The trial judge, in written reasons for judgment, sustained the defendant doctor's exceptions, stating that regardless of what the exception was styled, defendant was a health care provider covered by the act. Therefore, plaintiff must go first before the medical review panel. Consequently, plaintiff's suit was premature, and accordingly was dismissed without prejudice. Plaintiff appeals from the trial court judgment sustaining defendant doctor's exception.
The issues on appeal are the following: (1) Did the defendant file the correct exception which would have called into issue appellant's petition for damages and declaratory relief; and (2) the constitutionality of the medical malpractice act as found in LSA-R.S. 40:1299.41, et seq.
Appellant first complains that the defendant filed the incorrect exception. It does appear that the correct exception in this case should have been the dilatory exception of prematurity. This is based on the fact that the statute in question states that a plaintiff must take his claim before the medical review panel before proceeding to court. However, the trial judge stated that it made no difference whether the exception is correctly styled or not because the defendant, if the act is valid, is entitled to the remedy under the statute. It is felt that the trial judge is correct in this decision. There is no question as to the timeliness of the exception before the court. Therefore, under LSA-C.C.P. Article 924 and Wooten v. Central Mutual Insurance Company, 202 So.2d 690 (La.App. 3 Cir. 1967), the defendant has satisfied LSA-C.C.P. Article 924 and adequately appraised the plaintiff of the grounds for his exception.
The second issue is that of the constitutionality of the medical malpractice act, or certain portions thereof. The trial court apparently felt that the constitutionality of the whole statute was at issue. We do not agree. The exception filed by the defendant presents solely the issue of the constitutionality of the medical review panel portion of the act, and more particularly, that portion thereof which requires a claimant to submit his claim to the medical review panel as a condition precedent to his filing suit in the courts of this State.
Courts have traditionally considered the constitutionality of a legislative act only when it is clearly drawn into issue, and the ends of justice so require. Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970). In the very recent Louisiana Supreme Court case of Everett v. Goldman, 359 So.2d 1257 (La.1978), Supreme Court No. 60,959, handed down May 22, 1978, the Court ruled on the constitutionality of only two of four constitutional issues raised, finding it unnecessary, in that case, to rule on the constitutionality of all four such issues raised. We are faced with the same situation. We need look no further than the constitutionality of the medical review panel provision in order to dispose of this case. Everett v. Goldman, supra, specifically decided that the medical review panel provision (LSA-R.S. 40:1299.47) of the Louisiana Medical Malpractice Act is constitutional. The Supreme Court also upheld the constitutionality of R.S. 40:1299.41(E), the ad damnum clause proscription. However, the latter issue has not been raised in the case sub judice, and we need not consider same.
We affirm the judgment of the trial court which dismissed plaintiff's suit without prejudice.
Costs of this appeal are assessed against the plaintiff.
AFFIRMED.