WATSON, Judge.
Plaintiff, William T. Burton Industries, Ine., asked to be recognized as owner of eighty acres in Vernon Parish, Louisiana described as follows:
Southeast Quarter of the Northwest Quarter (SE ¼ of NW ¼) and the Southwest Quarter of the Northeast Quarter (SW ¼ of NE Vi), Section 25, Township 3 North, Range 6 West.
The suit was dismissed prior to trial as to all defendants except Matt E. Smith. Judgment was rendered recognizing Smith’s ownership of approximately six of the eighty acres. Burton has appealed.
It is contended that the trial court erred: in supplying the plea of acquisitive prescription; in ordering a partial new trial on the issue of tacking; in failing to recognize Burton’s title to the remainder of the land in dispute; in holding that Smith carried the burden of proving adverse possession; in allowing Smith to tack the possession of his predecessor; in finding adverse possession of a pie shaped tract comprising part of the disputed acreage, which lacked visible boundaries; and in assessing all costs against plaintiff.

PRESCRIPTION

Smith’s answer and reconventional demand pleads acquisitive prescription of thirty years. (TR. 28). There is no merit to the contention that the plea of prescription was supplied by the trial court.

NEW TRIAL

 Judge Stuart S. Kay tried the case but died while it was under advisement. His successor, Judge Broyles, had the testimony transcribed and ordered, on his own motion, that the matter be reopened for “a new trial” (TR. 39), evidence and reargument on the question of tacking possession. It is contended that the order of new trial was not timely and constitutes an abuse of discretion by the trial court. Judgment had not been rendered and what was ordered was not, strictly speaking, a new trial. The order was an interlocutory one, one contemplated by LSA-C.C.P. art. 1914[1] when a case is under advisement. There was no error in this order, which served the interests of justice, and was within the trial court’s discretion. LSA-C.C.P. art. 1631; [2] Nalty v. Nalty, 222 La. 911, 64 So.2d 216 (1953). The seven day delay provided in LSA-C.C.P. art. 1974[3] only applies when a judgment has been signed.

*819
TITLE TO THE REMAINDER

Appellee Smith does not dispute Burton’s right to be recognized as owner of the remainder of the eighty acres. The evidence establishes plaintiff’s ownership of this property. The reasons for judgment indicate that this was, in fact, the intention of the trial court. The judgment will be amended accordingly.

ADVERSE POSSESSION AND TACKING

Charles C. Wise did a survey of the property claimed by defendant Matt E. Smith on January 2,1975 (D-l). It was stipulated that Wise is an expert land surveyor. Defendant Smith has the disputed property under fence. The survey identifies it as Tract # 1. It is located in both the Southeast Quarter of the Northwest Quarter (SE Vi of NW ¼) and the Southwest Quarter of the Northeast Quarter (SW ¼ of NE ¼) of Section 25, Township 3 North, Range 6 West.
Matt Smith testified that the fence is one which existed when he moved on the property in 1949 after its purchase from Richard Smith. Matt Smitt added net wire at the bottom of the barbed wire to keep out hogs. Matt Smith built a barn and shed on the disputed acreage. Part of the property has been used as pasture and part as a garden and meadow. Richard Smith and Matt Smith are unrelated. When the latter purchased the property, he did not know where the property line was located and possessed up to the fence line.
Dovie Smith, widow of Richard Smith, testified that she and her husband moved on the property in August of 1934 and fenced it immediately afterward. The outside fence lines are still located where they were built in the winter of 1934, 1935. The pasture where Matt Smith now keeps cows and his mule was also used by the Richard Smiths for pasture. Another section of the property was farmed and used as a garden. The house constructed by the Richard Smiths is now occupied by Matt Smith. The testimony of Matt Smith and Mrs. Richard Smith was fully corroborated by that of W. F. (Bill) Poe, Elijah Monk and Ervin Monk.
It was stipulated that Matt Smith has title to property adjacent to and immediately north of the property in dispute described as Tract # 2 on the Wise survey and located in the Northwest Quarter of the Northeast Quarter (NW ¼ of NE ¼) of Section 25. In evidence is a 1949 deed from Richard Smith to Matt Smith of property described as the East Half of the Northeast Quarter of the Northwest Quarter (E ⅛ of NE ¼ of NW ¼) of Section 25. This property is located west of Tract # 2 and is also contiguous to that in dispute.
Also in evidence is the deed by which Richard Smith and his wife, Dovie Welch, acquired the Northeast Quarter of the Northwest Quarter (NE ¼ of NW ¾) of Section 25 from John Monk on August 27, 1934. (D-3). When Richard Smith fenced this land in 1934, he also cleared and fenced the adjoining acreage on the south and used and possessed it as his own, building a barn and putting in a pasture and garden. After Matt Smith purchased the tract from Richard Smith in 1949, he also occupied the same fenced property to the south. Thus, defendant and his predecessor in title have had actual possession for over thirty years of land extending beyond that described in their title and embraced within visible bounds. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957); William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La., 1977); Nelken v. Aldredge, 128 So.2d 843 (La.App. 3 Cir. 1961); Martin Timber Company v. Taylor, 187 So.2d 196 (La.App. 3 Cir. 1966); LSA-C.C. art. 852.[4] Since the *820 tract in dispute had been possessed within visible bounds for over thirty years, Matt Smith acquired it by acquisitive prescription of thirty years. LSA-C.C. art. 3499.[5]

THE PIE SHAPED AREA

The survey by Wise shows a small pie shaped cutout on the south which is not under fence and not included in the description of Tract # 1. This pie shaped area weis enclosed within the outside perimeter of Richard Smith’s fence until 1949. At that time, Matt Smith created the incursion as a lane to move his cows. There is no evidence that this cutout was possessed within visible boundaries after 1949. The trial court erred in holding that Matt Smith acquired this portion of land by acquisitive prescription of thirty years. The judgment will be amended accordingly.

COURT COSTS:

Since the primary dispute between the parties concerned the 5.79 acres identified as Tract # 1 on the Wise survey and defendant Smith owns the disputed acreage, the trial court was within its discretion in assessing all costs to plaintiff. LSA-C. C.P. art. 1920.[6] Costs of the appeal will also be assessed to plaintiff-appellant.
For the foregoing reasons,
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, William T. Burton Industries, Inc., be recognized as owner of the following described property in Vernon Parish, Louisiana:
Southeast Quarter of the Northwest Quarter (SE ¼ of NW ¼) and the Southwest Quarter of the Northeast Quarter (SW Vi of NE ¼), Section 25, Township 3 North, Range 6 West, less and except 5.79 acres owned by Matt E. Smith.
IT IS ORDERED, ADJUDGED AND DECREED that defendant, Matt E. Smith, be recognized as owner of the following described property in Vernon Parish, Louisiana:
A part of the Southeast ¼ of the Northwest ¼ and the Southwest Vi of the Northeast ¼ of Section 25, Township 3 North, Range 6 West, Vernon Parish, La. described as follows: Begin at the Northeast corner of said SE Vi of NW ¼ —Thence S89°40'W along the North line of said SE Vi of NW Vi — 675.0 feet to its intersection with existing fence line; Thence along said existing fence line— S100 50'W — 356.5 feet; N81 ° 13'E-460.8 feet; N3°27'W — 111.4 feet; N76°43'E— .51.1 feet; S38°23'E — 130.2 feet; N81°36'E — 140.8 feet; N72°12'E — 264.8 feet; N38°28'E — 178.9 feet; and N7°52'W — 23.4 feet to the North line of said SW Vi of NE ¼; Thence S89°40'W along said North line — 337.0 feet to Point of Beginning containing 5.79 acres.
All costs are assessed to plaintiff-appellant, William T. Burton Industries, Inc.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. LSA-C.C.P. art. 1914:
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
The provisions of this article do not apply to an interlocutory injunctive order or judgment.”

. LSA-C.C.P. art. 1631:
“The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order.”

. LSA-C.C.P. art. 1974:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a *819 new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”

. LSA-C.C. art. 852:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his *820 neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”

. LSA-C.C. art. 3499:
“The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.”

. LSA-C.C.P. art. 1920:
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”