373 So.2d 1000 (1979)
Willie Maybelle Harrison JARVIS et al., Plaintiffs-Appellants,
v.
LAFAYETTE GENERAL HOSPITAL et al., Defendants-Appellees.
No. 7089.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1979.
*1001 Baker, Culpepper, & Brunson, J. Michael McDonald and Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert M. Mahony, Lafayette, Voorhies & Labbe (Marc W. Judice, Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
In this suit, plaintiffs, the widow and children of O'Neal Jarvis, appeal from the dismissal of their medical malpractice action for the wrongful death of their husband and father. Also included as a plaintiff-appellant is the Southern Casualty Insurance Company, who allegedly has paid workmen's compensation benefits on decedent's behalf.
The original petition in this matter was filed on October 3, 1977. According to the petition, the decedent sustained a neck injury on or about October 4, 1976, near Krotz Springs, Louisiana, while employed by the Haynes Brothers Lumber Company. The decedent was treated by Dr. R. Luke Bordelon in the Opelousas General Hospital, and, subsequently, by Dr. Stephen Goldware in the Lafayette General Hospital. Originally, the two hospitals and the two physicians were all named as defendants; however, Opelousas General and Doctor Bordelon were later dismissed voluntarily from the action by the plaintiffs, leaving only Doctor Goldware and Lafayette General as defendants.
On October 25, 1977, Doctor Goldware filed an exception to the venue and jurisdiction of the Court, on the basis that he was a "health care provider" under La.R.S. 40:1299.41 et seq., and that plaintiffs had failed to present their claim to a medical review panel, as required by La.R.S. 40:1299.47.
On February 2, 1978, the trial judge overruled the doctor's exceptions. The minute entry clearly shows that, although the Judge recognized that plaintiffs had failed to submit their claim to a medical review panel, he felt that to dismiss their claim altogether might be unduly prejudicial to them. He therefore ordered that the matter be kept in abeyance until such time as plaintiffs complied with the provisions of the Medical Malpractice Act requiring submission of their claim to a medical review panel.
Around the same time, on January 27, 1978, Lafayette General Hospital filed an exception of prematurity, also alleging that it was a "health care provider" and that plaintiffs' claim had not yet been submitted to a medical review panel.
On September 11, 1978, a hearing was held on the exception made by Lafayette General, at which time the trial judge also reconsidered his previous ruling on Doctor Goldware's exceptions. In the interim period from the first ruling on Doctor Goldware's exceptions on February 2, 1978, to the hearing on September 11, 1978, we issued the opinions of Knepper v. State, Department of Health and Human Resources Administration, 359 So.2d 1127 (La.App. 3rd Cir. 1978), and Vincent v. Voorhies, 359 So.2d 1129 (La.App. 3rd Cir. 1978). In both of those cases, we affirmed the dismissal of a malpractice action, because the respective plaintiffs in those cases failed to bring their claims before a medical review panel prior *1002 to the filing of their suits. These decisions, of course, complied with Everett v. Goldman, 359 So.2d 1256 (La.1978), which had just been handed down by the Louisiana Supreme Court.
On December 12, 1978, the trial judge signed formal judgment sustaining the exceptions urged by both Doctor Goldware and Lafayette General, and dismissing plaintiffs' suit, without prejudice, relying on Vincent v. Voorhies, supra. From this judgment, plaintiffs appeal.
Plaintiffs' first contention on appeal is that it was error for the trial judge to reconsider and change his original ruling on Doctor Goldware's exceptions. Plaintiffs argue that the first ruling was a final judgment, and that Doctor Goldware's remedy, if he were dissatisfied by that ruling, was via the appellate process. Plaintiffs also maintain that the trial judge was without authority to rehear an exception previously ruled upon, and that the doctrine of res judicata applies. We disagree.
Preliminarily, we note that it is fundamental that the doctrine of res judicata only applies to final judgments. Judgments failing to sustain exceptions such as those presently involved, are not final judgments. See, e. g., Kyle v. Kyle, 358 So.2d 708 (La.App. 3rd Cir. 1978); Stahlman Lumber CompanyDivision of Staco Manufacturing Company, 320 So.2d 331 (La.App. 3rd Cir. 1975). Thus, we feel that res judicata has no application to the situation at hand.
Secondly, Doctor Goldware's remedy did not lie in taking an appeal. The first ruling denying his exception was an interlocutory judgment. La.C.C.P. art. 1841. An appeal lies from an interlocutory judgment only when it may cause irreparable injury to the party involved. La.C.C.P. art. 2083. There was no irreparable injury involved after the first ruling, and, therefore, we feel that Doctor Goldware could not have appealed the first ruling on his exceptions, even if he had been so inclined.
We are of the opinion that the procedure followed at the trial level in this case was correct. It seems clear that it was within the trial judge's power and discretion to modify or change the first ruling, which had kept plaintiffs' claim in abeyance, to a second ruling, which had dismissed plaintiffs' suit altogether, when it was apparent that the first ruling had become incorrect.
The simple fact of the matter is that the first ruling was not a final, definitive judgment. La.C.C.P. art. 1842. As such, no appeal could be taken from it. La.C.C.P. art. 2083. The trial court, of course, still had jurisdiction over the matter. La.C.C.P. art. 2088. We can find no prohibition which would not permit the trial judge to do what he did. Therefore, we affirm the action of the trial judge in changing the ruling on Doctor Goldware's exceptions. La.C.C.P. art. 191. Succession of Oliver, 1 La.App. 526 (Orl.App.1925).
The second and final matter raised on appeal is the contention of plaintiffs that the record does not contain a certificate of enrollment showing that Lafayette General Hospital is a qualified "health care provider," as that term is used in the Medical Malpractice Act. They maintain that without such evidence, the trial judge erred in sustaining Lafayette General's exception of prematurity.
We need not reach this issue for the reason that we note, on our own motion, that plaintiffs' petition fails to state a cause of action as against Lafayette General, and that the ultimate dismissal of the suit as to Lafayette General, without prejudice, is proper.
Part B of La.R.S. 40:1299.47 provides:
"B. No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, *1003 the use of the medical review panel may be waived."
It is apparent, from a reading of the above statute, that it is the responsibility of the claimant to allege in his petition that the named defendant is not a qualified "health care provider" or that the claim has been presented to and reviewed by a medical review panel. Dufrene v. Duncan, 371 So.2d 1215 (La.App. 4th Cir. 1979). Neither the original nor the amending petition in this case has the necessary allegations. Therefore, we find that the disposition of the case by the trial judge as to Lafayette General was correct also.
For the above reasons, the judgment of the District Court is affirmed at the cost of plaintiffs-appellants.
AFFIRMED.