ON REMAND
DOMENGEAUX, Judge.
This medical malpractice case is before us again, this time by remand of the Louisiana Supreme Court, 378 So.2d 430. See Jarvis, et al. v. Lafayette General Hospital, et al., 378 So.2d 430 (La.1979). Rehearing denied November 23, 1979, La., 378 So.2d 431.
Our original opinion appears at 373 So.2d 1000 (La.App. 3rd Cir. 1979). As shown therein, the District Court sustained exceptions filed by defendants Dr. Stephen Gold-ware and the Lafayette General Hospital, and dismissed plaintiffs’ suit without prejudice. The dismissals were based on the provisions of La.R.S. 40:1299.41, et seq. (Medical Malpractice Act), in that the plaintiffs had failed to present their claim to a medical review panel as required by La.R.S. 40:1299.47, and there was no waiver as allowed in subsection B thereof. We affirmed the trial court judgment.
Plaintiffs applied for writs to the Supreme Court, which were denied insofar as the dismissal pertained to Doctor Gold-ware. A writ was granted, however, as to the dismissal of Lafayette General Hospital, and read as follows:
“Writ granted as to Assignment 2, otherwise denied. An exception of no cause of action should not be sustained unless the exception affirmatively negatives the existence of a cause of action. Haskins v. Clary, 346 So.2d 193 (La.1977); Rebman v. Reed, 286 So.2d 341 (La.1973); West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975). Court of appeal ruling on exception as to Lafayette General is set aside. Case remanded to the court of appeal for further proceedings as to this defendant.” [1]
Assignment of Error No. 2 contained in plaintiffs’ application for writs to the Supreme Court reads as follows:
“The Honorable Court of Appeal erred in holding that plaintiffs’ petition failed to state a cause of action under La.R.S.' 40:1299.47(B) because plaintiff failed to allege in his petition that the named defendant is not a qualified ‘health care provider.’ ”
The only remaining matter on remand is a consideration of plaintiffs’ contention that the record does not contain a certificate of enrollment showing that Lafayette General Hospital is a qualified “health care provider” as that term is used in the Medical Malpractice Act. Plaintiffs contend that without such evidence the trial judge erred in sustaining Lafayette General’s exception of prematurity. As shown in our original opinion, we did not reach that issue. We reach it now.
A health care provider who wishes to be covered by the Medical Malpractice Act must first qualify by filing with the Commissioner of Insurance proof of financial responsibility. La.R.S. 40:1299.42(A)(1). This proof can be in the form of a policy of malpractice liability insurance for a minimal amount of $100,000.00 per claim, or, if self-insured, proof of financial responsibility in excess of $100,000.00. La.R.S. 40:1299.-42(E). Everett v. Goldman, 359 So.2d 1256 (La.1978).
Plaintiffs argue on appeal for the first time that the record does not contain evidence that Lafayette General Hospital is a health care provider under the statute, and that accordingly we should reverse the decision of the District Court which sustained Lafayette General’s exception of prematurity.
Plaintiff does not argue that Lafayette General has not qualified as a health care provider under the Act, but only that the record does not contain evidence of this qualification. '
*1181 Our review of this very short and rather incomplete record discloses that it does not contain a certificate of enrollment showing that Lafayette General Hospital is a qualified health care provider under the Act. Nor is there other evidence on that subject. However, we note that at the trial court hearing plaintiffs did not raise the issue of Lafayette General’s failure to submit into evidence its certificate of enrollment as a health care provider, despite the fact that in its pleadings the Hospital alleged that it was a health care provider. Nor did the plaintiffs apply for a new trial after the adverse ruling by the trial judge.
The record in this case falls short of completeness and clarity as to exactly what occurred in the trial court concerning Lafayette General’s exception of prematurity. Although it was sustained, our review of the record indicates that at that time, the District Court’s consideration seemed to focus primarily on the exceptions filed by Doctor Goldware, and that Lafayette General’s exceptions were not considered to their fullest extent.
The indications are that it was taken for granted that Lafayette General was a health care provider.
Considering all aspects of this case, we feel that we should exercise our discretionary power to remand this case to the trial court for a more complete consideration of Lafayette General’s exception of prematurity, and to allow evidence as to Lafayette General’s status as a health care provider under the Medical Malpractice Act. La.C. C.P. Art. 2164; Hopkins v. Department of Highways, 350 So.2d 1271 (La.App. 3rd Cir. 1977); Mouledous v. State, Department of Highways, 281 So.2d 289 (La.App. 3rd Cir. 1973); Hamilton v. Hamilton, 258 So.2d 661 (La.App. 3rd Cir. 1972); First National Bank of Abbeville v. Leblanc, 217 So.2d 724 (La.App. 3rd Cir. 1969).
Accordingly, the judgment of the trial court, insofar as it sustained the exception of prematurity filed by Lafayette General Hospital is reversed, and the case is remanded to the trial court for additional evidence on that exception, and ultimate ruling thereon. Costs of this appeal on remand from the Supreme Court, if any, are assessed equally between plaintiffs and Lafayette General Hospital.

REVERSED IN PART, AND REMANDED.

. We consider this writ grant to be made peremptory and specifically overrules our previous ruling that plaintiffs’ petition stated no cause of action against Lafayette General Hospital.