I concur in Part I of the opinion, affirming the judgment below on the evidentiary *Page 177 
question. I dissent as to Part II, reversing the judgment on the indemnity contract issue.
While I agree with the majority's statement of our case law's evolvement of the general rule, I would add that its application has not produced a model of consistency. Indeed, it is a fair summary to observe that the "strict construction" of these indemnity contracts evinces their strong disfavor by the courts. So much so, in fact, that Alabama Great SouthernRailroad Co. v. Sumter Plywood Corp., 359 So.2d 1130 (Ala. 1978), sought to carve out only a narrow field of operation for such contracts.
I agree with the holding of Alabama Great Southern, but the dictum that distinguishes between private and public covenants, in my opinion, is unsupported by any defensible rationale. There is however, a perfectly good reason for another and different distinction-the distinction between those classes of cases requiring indemnity for vicariously imposed liability and those which covenant against one's own negligence. I would hold the latter void as against public policy, consistent with our holding in Alabama Great Southern Railroad Co. v. SumterPlywood Corp.; and I would validate the former, because, in respondeat superior cases, the policy considerations applicable to the latter classification are not present.
Our time-tested, fault-based tort law is being weakened unnecessarily by permitting, for example, a general contractor to impose upon a subcontractor the latter's obligation to indemnify the former for losses incurred through the former's own acts of negligence. I have never understood, nor accepted as sound law, such an exception to the general law of torts which fixes responsibility upon the wrongdoer. The promotion of safety-one of the objects of tort law-is hardly the end result of such contracts in nonvicarious fault situations.
On the other hand, the law should look with favor upon contracts of indemnity where the liability insured against is imposed vicariously through the master/servant or principal/agent relationship. In these situations, tort law concepts are being implemented to the fullest. That is, where the principal's liability is imposed pursuant to the respondeat superior concept, tort law affords him a remedy for reimbursement against his wrongdoer servant or agent. To contractually obligate the servant, agent or employee, whose prospective negligent conduct may impose vicarious liability upon his principal, to indemnify his principal for any losses thereby incurred is consistent with the public policy of this State.
Here, the indemnity contract between the subject parties does not fall within the latter classification and, in my opinion, should be held void as against public policy. Therefore, I respectfully dissent as to Part II of the opinion.
FAULKNER and EMBRY, JJ., concur. *Page 178