389 So.2d 820 (1980)
Arsmond BORDELON, Plaintiff and Appellant,
v.
Eldie Mary DAUZAT, Defendant and Appellee.
No. 7751.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
*821 Ben C. Bennett, Jr., and William Joseph Bennett, Marksville, for plaintiff & appellant.
Michael J. Johnson, Cottonport, for defendant & appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
This is an action to annul a judgment on the grounds of "ill practice" by the trial judge. From an adverse judgment, plaintiff appealed.
The substantial issue is whether a trial judge has the right to change the substance and the result of his written reasons prior to signing a final judgment.
The following facts were established at trial of the present suit. In Suit No. 37,741 Eldie Mary Dauzat sued Arsmond Bordelon. A trial was held at which plaintiff Dauzat was represented by an attorney and defendant Bordelon appeared without counsel. On October 24, 1978, the trial judge gave written reasons rejecting plaintiff Dauzat's demand. Defendant Bordelon made no effort to obtain a signed judgment. On November *822 3, 1978, plaintiff Dauzat in that suit filed an application for a new trial, which was set for hearing on November 17, 1978. Defendant Bordelon received notice of the hearing and appeared in court, again unrepresented. Plaintiff Dauzat appeared with her attorney. No hearing was held on the application for a new trial. Instead, the trial judge, on November 17, 1978, gave new written reasons holding in favor of Dauzat. On November 21, 1978, a final judgment was rendered and signed in favor of Dauzat.
Bordelon then consulted an attorney and was advised his only remedy was to appeal. Bordelon elected not to appeal. Some months later, Bordelon consulted another attorney, who filed Suit No. 39,616 against Eldie Mary Dauzat. That suit was dismissed on an exception of res judicata.
Bordelon's attorney then filed the present suit, and a trial was held on November 19, 1979. Defendant Dauzat did not appear personally but was present through counsel. The only evidence introduced at trial was the testimony of plaintiff Bordelon, who related substantially the above facts. The trial judge had before him the record in Suit No. 37,741 and took notice of the contents thereof, as described above. But, the record on appeal does not contain the record in Suit No. 37,741.
On appeal, plaintiff contends first that the judgment rendered in Suit No. 37,741 should be annulled because the trial judge changed his original written reasons without complying with LSA-C.C.P. Article 1977, which provides:
"When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court."
This argument has no merit. It ignores the fundamental distinction between the written reasons and the final judgment. LSA-C.C.P. Articles 1911 and 1918 provide:
"Art. 1911. Final judgments read and signed in open court
"Except as otherwise provided by law, all final judgments shall be read and signed by the judge in open court."
"Art. 1918. Form of final judgment
"A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment."
The jurisprudence under these articles uniformly holds that where there are only written reasons and no separate signed judgment, there is no final judgment. Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956); Pearce v. Johnson, 250 So.2d 567 (3rd Cir. 1971).
Prior to final judgment, a trial judge may, at his discretion, change the substance or the result of interlocutory rulings. Labourdette v. Doullut and Williams Shipbuilding Co., 156 La. 412, 100 So. 547 (1924); Arnold v. Stupp Corporation, 249 So.2d 276 (1st Cir. 1971); Grady v. Allstate Insurance Co., 355 So.2d 1070 (4th Cir. 1978); Jarvis v. Lafayette General Hospital, 373 So.2d 1000 (3rd Cir. 1979), on remand 379 So.2d 1179 (3rd Cir. 1980). A trial judge may also sign a judgment based on written reasons which differ substantially from previously stated oral reasons. Margan v. Precision Motors, Inc., 317 So.2d 644 (4th Cir. 1975).
The fact that Dauzat erroneously filed an application for a new trial before a final judgment was rendered has no effect on our result. Procedures for motions for new trials and the granting of new trials do not apply prior to the signing of judgment. LSA-C.C.P. 1974 provides:
"Art. 1974. Delay for applying for new trial
"The delay for applying for a new trial shall be seven days, exclusive of legal holdings. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
*823 In William T. Burton Industries, Inc. v. Monk, 372 So.2d 817 (3rd Cir. 1979) this court held C.C.P. 1974 only applies when a judgment has been signed. In Chamblee v. Chamblee, 340 So.2d 378 (4th Cir. 1976) the court stated an application for new trial filed before the signing of judgment was premature and without legal effect as to appeal delays. See Acts 1960 No. 32, Sec. 2, effective January 1, 1961, repealing former LSA-R.S. 13:4213, which provided for new trial prior to the signing of judgment.
Since the application for new trial in Suit No. 37,714 was without effect, the trial court was correct in not acting on the application.
Plaintiff makes the additional argument that the failure to hold a hearing when changing written reasons constitutes an "ill practice" within the meaning of LSA-C.C.P. Article 2004. Plaintiff contends he had a right to a hearing based on the application for new trial filed by his opponent. We reject this argument also. Even where the application for new trial is properly filed, no absolute right to a hearing exists. See Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971) where the application was denied without hearing, and Borras v. Falgoust, 285 So.2d 583 (4th Cir. 1973) where the application was granted without hearing. The failure to hold a hearing under the circumstances of this case clearly did not constitute an "ill practice" under LSA-C. C.P. Article 2004. See Succession of Skye, 364 So.2d 1357 (3rd Cir. 1978) for a discussion of "ill practices."
Out of an abundance of caution, we have also considered the question of whether a hearing should have been held solely for the purpose of explaining the change in the decision to the unrepresented party. However, Bordelon was present in court when the new written reasons were given, and he understood he had lost the case. He even consulted an attorney, who advised him to appeal the decision on the merits. He elected not to appeal. Bordelon was not deceived nor deprived of his rights in any way.
For the reasons assigned, the judgment appealed is affirmed at plaintiff's costs.
AFFIRMED.