**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-416

TIMMY HAWKINS

VERSUS

RAPIDES PARISH POLICE JURY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 201,839
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter,
Judges.

**AFFIRMED.**

Bobby L. Culpepper
Culpepper & Carroll, PLLC
525 East Court Ave.
Jonesboro, LA 71251
(318) 259-4184
Counsel for Plaintiff-Appellant:
Timmy Hawkins

John Albert Ellis
Assistant Attorney General
Louisiana Department of Justice
130 Desiard Street, Ste 812
Monroe, LA 71201
(318) 362-5250
Counsel for Defendants-Appellees:
State of Louisiana, Department of Public Safety & Corrections
Ronnie Futrell

**PICKETT, Judge.**

The plaintiff-appellant, Timmy Hawkins, appeals the trial court's judgment granting the State of Louisiana's peremptory exception of res judicata and dismissing Hawkins's action against the state.

## STATEMENT OF THE CASE

Hawkins claims he was injured while in the custody of the Department of Public Safety and Corrections. His petition alleges that while he was working with an auger at Camp Beauregard in Pineville, he was hurt. He filed a petition in the Nineteenth Judicial District in East Baton Rouge Parish on September 20, 1999, against the Rapides Parish Police Jury, Jessie Terrell and Archie Coleman, employees of the Rapides Parish Police Jury, the State of Louisiana through the Department of Public Safety and Corrections, and Ronnie Futrell, warden of Camp Beauregard.

The Rapides Parish Police Jury and its employees filed an Exception of Improper Venue. The State of Louisiana and its employee, Futrell (hereinafter collectively referred to as the State), filed exceptions of No Cause of Action and Failure to Exhaust Administrative Remedies. Judge Curtis Calloway heard arguments on the exceptions March 20, 2000. At the conclusion of the hearing, Judge Calloway stated in open court that he would grant the exceptions of Improper Venue, No Cause of Action, and Failure to Exhaust Administrative Remedies. Before Judge Calloway signed a judgment, Hawkins filed a Motion for Rehearing on the Exceptions. Judge Calloway received new briefs and held a hearing on September 11, 2000. At the conclusion of this second hearing, Judge Calloway indicated that he would maintain his ruling on the Exception of Improper Venue filed by Rapides Parish but would

1

defer action on the Exceptions of No Cause of Action and Failure to Exhaust Administrative Remedies to the Ninth Judicial District Court in Rapides Parish. Eight days later, on September 19, 2000, Judge Calloway signed a judgment in conformity with his ruling of March 20, 2000, granting the Exception of Improper Venue filed by Rapides Parish and the Exceptions of No Cause of Action and Failure to Exhaust Administrative Remedies filed by the State. The record contains no filings after September 19, 2000 in the Nineteenth Judicial District Court until December 19, 2000, when Judge Calloway signed a Judgment maintaining his grant of the Exception of Improper Venue but deferring the Exceptions of No Cause of Action and Failure to Exhaust Administrative Remedies to the Ninth Judicial District Court.

The matter was transferred to the Ninth Judicial District Court and assigned to Judge George Metoyer. On January 27, 2003, Judge Metoyer heard arguments on the State's Exceptions of No Cause of Action and Failure to Exhaust Administrative Remedies. On February 4, 2003, he signed a judgment overruling both exceptions. Discovery then proceeded for several years.

On May 27, 2008, the State filed an Exception of Res Judicata. The State argued that the judgment signed by Judge Calloway on September 19, 2000, was a final judgment granting a peremptory exception of no cause of action, that the Motion for Rehearing, which is in the nature of a Motion for a New Trial, was of no effect because it was premature, that Hawkins failed to file a Motion for a New Trial or an appeal within the delays allowed by law, and that the issues and parties in the suit filed in the Nineteenth Judicial District Court were the same as the issues and parties before the Ninth Judicial District Court. The State argued that it should be dismissed

2

from the proceedings in the Ninth Judicial District Court. Judge Metoyer held a hearing on the exception on August 18, 2008. Following the hearing, Judge Metoyer sustained the Exception of Res Judicata and dismissed the claims against the State with prejudice, and he signed a judgment in conformity with his ruling on September 12, 2008. Hawkins now appeals the State's dismissal.

## ASSIGNMENT OF ERROR

Hawkins asserts one assignment of error:

The Ninth Judicial District Court erred, as a matter of law, in granting the State's exception of Res Judicata.

## DISCUSSION

This court discussed the exception of res judicata in *Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds*, 04-1697, p. 9 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 625:

> Res judicata bars relitigation when the second action arises out of the same transaction or occurrence that was the subject matter of the first action. La.R.S. 13:4231. "While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties." *Ortego v. State, Dept. of Transp. and Dev.*, 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363, citing *Bailey v. Martin Brower Co.*, 94-1179 (La.App. 1 Cir. 4/7/95), 658 So.2d 1299. The exception of res judicata is reviewed by the court of appeal according to the manifest error standard when it is raised before the case is submitted. *Floyd v. City of Bossier City*, 38,187 (La.App. 2 Cir. 3/5/04), 867 So.2d 993.

The issue before this court is whether the judgment granting the State's exceptions of no cause of action and failure to exhaust administrative remedies signed by Judge Calloway on September 19, 2000 is a final judgment that bars the lawsuit filed against the state by Hawkins. "A judgment maintaining an exception of no

3

cause of action and dismissing the action completely is a final judgment which is appealable." *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La.1993). Therefore, the September 19, 2000 judgment is a final judgment unless Hawkins filed a Motion for a New Trial within seven days of the notice of judgment pursuant to La.Code Civ.P. art. 1974 or filed an appeal within the delays provided by law.

In this case, the record is clear that the September 19, 2000 judgment was not appealed. The only question before us is the effect of the Motion for Rehearing on Exceptions filed by Hawkins after Judge Calloway announced his decision from the bench but before he actually signed the judgment. Hawkins argues that it should have the same effect as if it were a Motion for a New Trial filed after the judgment was signed. We disagree.

In *Bordelon v. Dauzat*, 389 So.2d 820, 822 (La.App. 3 Cir. 1980), this court stated, "Procedures for motions for new trials and the granting of new trials do not apply prior to the signing of judgment." Such a motion has no legal effect. *Clement v. American Motorists Ins. Co.*, 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, *writ denied*, 99-603 (La. 4/23/99), 742 So.2d 886. Therefore, even if we were to treat the Motion for Rehearing on Exceptions as a Motion for a New Trial, it would not serve to change the fact that the September 19, 2000 judgment was a final judgment. As such, Judge Calloway was without authority to issue the judgment of December 19, 2000, which deferred a decision on the merits of the State's exceptions to the Ninth Judicial District Court.

4

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Timmy Hawkins.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.